THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRENDA MENKE *et al.*, Defendants-Appellants.

Fifth District    No. 78-318

Opinion filed May 9, 1979.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, for appellants.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

PER CURIAM: The defendants, Brenda Menke and Dan Menke, pleaded guilty to aggravated battery and were sentenced on March 21, 1978, to not less than two years nor more than six years imprisonment. On defendants' motion their cases were consolidated for purposes of appeal.

Defendants were indicted for aggravated battery and armed violence. In exchange for the defendants' pleas of guilty to aggravated battery, the State dismissed the armed violence charge. The State also agreed to refrain from making a sentencing recommendation while reserving the right to comment on the presentence report and any evidence the defendants offered in mitigation. The defendants allege that the trial court (1) incorrectly advised the defendants of the possible sentences under the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1001—1—1 *et seq.*) as the aggravated battery was committed on October 17, 1977 and under the amended Unified Code of Corrections (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1001—1—1 *et seq.*), which is commonly called Crime X; (2) failed to inform the defendants of the "good time" provisions of section 3—6—3(a)(2) of the Unified Code of Corrections (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1003—6—3(a)(2)); and (3) failed to inform them of the actual sentences which would be imposed under each sentencing act.

The State initially contends that defendants waived the afore-mentioned issues by failing to specifically set them out in the motions

to withdraw their pleas, which were filed pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). Although the issues could have been stated with greater specificity, defendants did allege in their Rule 604(d) motions that the court failed to inform them of the minimum and maximum sentences; therefore, we will discuss the issues raised on appeal.

■■ Although section 8—2—4(b) of the amended Unified Code of Corrections (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1008—2—4(b)) gives the defendant the right to elect to be sentenced under either the law as it existed at the time of sentencing or at the time the crime is committed, there is no requirement—statutory, decisional, or by Supreme Court Rule—that the trial judge must tell a defendant in advance of election what the sentences will be under each act (*People v. Dozier* (1979), 67 Ill. App. 3d 611, 385 N.E.2d 155), nor must the trial court explain the provision for good-time credit under section 3—6—3(a)(2) for there is no assurance that the defendant will receive one day of good-time credit for each day of service in prison. (See Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1003—6—3(c).) Defendants direct a further argument to this point by drawing an analogy to the type of election the legislature made available to prisoners already incarcerated at the time the 1977 amendment to the Unified Code of Corrections was adopted. They argue that eligible prisoners with knowledge of their existing sentences and what their sentence would be under the new act, could make an election with full knowledge of both alternatives. They then reason that when the court here did not impose sentences under both alternatives before they made their election, they were denied the equal protection of the laws. We think it beyond question that the legislature did *not* intend that sentences be imposed under both sentencing alternatives before an election is made. We also cannot find a deprivation of equal protection in the overall sentencing scheme, since more than a sufficient basis for different classification of defendants vis-a-vis already incarcerated prisoners exists. The procedural differences in the sentencing modes is not constitutionally infirm.

The trial court failed to correctly admonish each defendant as to the mandatory parole term and the mandatory supervised release period. Each defendant was admonished that the mandatory parole term was one year and the mandatory supervised release period was two years. The correct mandatory parole term for aggravated battery is three years (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(e)(2)), and the correct mandatory supervised release term is one year (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—8—1(d)(2)). In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, our supreme court ruled that Supreme Court Rule 402(a)(2) (Ill. Rev. Stat.

1977, ch. 110A, par. 402(a)(2)) requires that a defendant be admonished that the mandatory period of parole pertaining to the offense is a part of the sentence that will be imposed and that the defendant can be held subject to the jurisdiction of the Parole and Pardon Board for a period of time equal to the maximum term of imprisonment provided in the indeterminate sentence and the parole term. The *Wills* ruling insures that a defendant's plea was entered knowingly and voluntarily as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. In the case at bar, however, defendants do not contend that their pleas were involuntary but contend that their election of sentencing alternatives was not knowingly and understandingly made. Defendants do not request that we vacate their pleas of guilty but only vacate the sentences and remand the cause for a new sentencing hearing at which defendants can again elect under which law they wish to be sentenced. Prior to sentencing each defendant, the court asked both defendants whether they had discussed the election of sentencing laws with their attorneys. Dan Menke stated that he had discussed the alternatives with his attorney. Brenda Menke and then her attorney stated that they had discussed the sentencing alternatives. Both defendants personally informed the court they wished to be sentenced under the old law. Therefore, the record in the instant case reflects that the defendants had discussed the election with their attorneys. The defendants do not contend that they were inadequately counseled by their attorneys or that they would have elected, or now want to elect, differently had the court advised them correctly at the time their plea was entered. The failure of the defendants to express a desire to make an election to be sentenced under the new act, rather than the old, is understandable in view of the fact that were they to do so they would receive a minimum term of two years rather than the one year already imposed. Although the day-for-day good-time credit would apply to a sentence elected under the new act, as we have pointed out above, there is no assurance whatever that such good time would in fact be received. It is at best, speculation. Therefore, we find that defendants were not misled into electing a sentence under the law as it existed on the date of the offense.

Affirmed.

G. MORAN, P. J., and KASSERMAN, J., took no part in the consideration or decision of this case.