THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHUCK MAURY, Defendant-Appellant.

First District (2nd Division)   No. 1—96—1347

Opinion filed March 11, 1997.

Lawrence G. Gordon and Lisa Thaviu, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Lori M. Rosen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendant, Chuck Maury, was indicted for numerous counts of possession of a controlled substance with intent to deliver and one count of criminal drug conspiracy (720 ILCS 570/405.1 (West 1994)). Defendant pled guilty to the criminal drug conspiracy count and the State agreed to nol-pros the remaining indictments. The gist of the allegations made against defendant was that he controlled and supervised a cocaine distribution operation from a liquor store he owned at 6758 South Halsted Street in Chicago. The trial court accepted defendant's guilty plea, entered a judgment of conviction upon it, and sentenced defendant to 13 years' imprisonment. Subsequently, pursuant to section 122—1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/122—1 (West 1994)), defendant filed a post-conviction petition seeking to vacate the judgment of conviction entered against him, which the circuit court denied. It is from the order denying his post-conviction petition that defendant now appeals to this court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603).

Defendant submits that the circuit court erred in dismissing his post-conviction petition as his constitutional right to effective assistance of counsel as guaranteed by the sixth and fourteenth amend-

ments to the United States Constitution (U.S. Const., amends. VI, XIV) was denied. Defendant makes no claim of a violation of his constitutional right to effective assistance of counsel under the 1970 Illinois Constitution.

■ The Post-Conviction Hearing Act permits a criminal petitioner the opportunity to challenge his conviction when there has been a substantial denial of his constitutional rights. 725 ILCS 5/122—1 *et seq.* (West 1994). A post-conviction action is a collateral attack on the prior judgment of conviction, but not an appeal, *per se*, from the underlying conviction or sentence. *People v. Hampton*, 165 Ill. 2d 472, 478 (1995); *People v. Eddmonds*, 143 Ill. 2d 501, 510 (1991). Accordingly, a petitioner cannot merely allege that error occurred at trial, but must establish a substantial deprivation of his constitutional rights which produced the judgment under attack. *People v. Guest*, 166 Ill. 2d 381, 389 (1995); *People v. Ruiz*, 132 Ill. 2d 1, 9 (1989).

■ Moreover, a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. *Guest*, 166 Ill. 2d at 389. The petitioner is entitled to such a hearing only if he has made a substantial showing, based on the record and supporting affidavits, that his constitutional rights were violated. *Guest*, 166 Ill. 2d at 389. Unsupported conclusory allegations in the petition or in the petitioner's affidavit are not sufficient to require a hearing. *People v. Jackson*, 213 Ill. App. 3d 806, 811 (1991).

If the circuit court finds that the post-conviction petition raises frivolous issues that are "patently without merit," the court may summarily dismiss the petition without an evidentiary hearing. 725 ILCS 5/122—2.1(a)(2) (West 1994). The circuit court's summary dismissal of a post-conviction will not be disturbed by a reviewing court unless manifestly erroneous. *Guest*, 166 Ill. 2d at 389.

Specifically, defendant assigns error to his trial counsel's allegedly incorrectly informing him that he was eligible for certain programs offering early release from prison. According to defendant, trial counsel told defendant that he could receive additional good-time credit for participation in various programs offered by the Illinois Department of Corrections. Thus, if defendant was engaged in a correctional industry assignment and satisfactorily completed it, then he would receive $1^{1}/_{2}$ days of good-time credit per day rather than the customary one-day credit. However, as defendant pled guilty to criminal drug conspiracy, a Class X felony, he is ineligible to participate in said programs under section 3—6—3(a)(4) of the Unified Code of Corrections (730 ILCS 5/3—6—3(a)(4) (West 1994)). Defendant contends that had trial counsel not tendered the foregoing erroneous advise, he would have gone to trial and would not have

entered a guilty plea. In addition, defendant argues that trial counsel failed to raise a ground for dismissal, double jeopardy, which was viable at the time the guilty plea was entered.

■ The supreme court of Illinois in *People v. Albanese*, 125 Ill. 2d 100 (1988), adopted the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), for determining whether an accused was denied effective assistance of counsel under the federal and state constitutions. The supreme court in *Albanese* summarized the two-prong *Strickland* standard as the following:

> "*Strickland* advances a two-component standard. The first component is to prove that counsel's representation fell below an objective standard of reasonableness such that the trial results were unreliable. Under the second component, the defendant must prove that he was prejudiced by the unprofessional conduct; that is, he must show that, but for the attorney's unprofessional errors, the results of the trial would have been different." *Albanese*, 125 Ill. 2d at 106, citing *Strickland*, 466 U.S. at 687, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068.

In ascertaining whether counsel's representation fell below an objective standard of reasonableness, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065. In making this assessment, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a court must resist the temptation to second-guess counsel's actions and avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

In assessing whether there was prejudice by counsel's unprofessional conduct, a defendant bears the burden of proving that there exists "a probability sufficient to undermine confidence in the outcome" and that, absent counsel's errors, "the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 694, 695, 80 L. Ed. 2d at 698, 698, 104 S. Ct. at 2068, 2068-69.

In determining whether a defendant was competently counseled in his decision to plead guilty, the inquiry must focus on whether trial counsel's advice was within the range of competence demanded of attorneys in criminal cases. *People v. Hillenbrand*, 121 Ill. 2d 537, 548-49 (1988).

■ Because the validity of a defendant's guilty plea turns on whether he entered the plea voluntarily and intelligently, trial counsel's conduct is deficient under *Strickland* if the attorney failed to ensure that the defendant entered the plea voluntarily and intel-

ligently. *People v. Huante*, 143 Ill. 2d 61, 69 (1991). Courts, however, have emphasized a distinction between advising a defendant of the direct consequences of a guilty plea and of the consequences that arise collaterally. If the consequence flowing from the plea is collateral, then the defendant need not be informed of it before entering the plea. Knowledge of a collateral consequence is not necessary for the entry of a knowing and voluntary plea. *Huante*, 143 Ill. 2d at 69-70.

Supreme Court Rule 402 (134 Ill. 2d R. 402) was adopted in response to the United States Supreme Court holding in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), that a guilty plea not be accepted in the absence of an affirmative showing in the record that such plea was intelligent and voluntary. *People v. Stewart*, 101 Ill. 2d 470, 484 (1984). Rule 402 requires that, before the trial court accepts a defendant's plea of guilty, the defendant must be admonished as to the nature of the charges against him, his right to a jury trial and the right to confront witnesses against him. The rule only requires substantial compliance. *People v. Moore*, 214 Ill. App. 3d 938, 942 (1991). However, Rule 402 does not require that a defendant be advised of the collateral consequences of his plea. *Huante*, 143 Ill. 2d at 70. The rule was designed to insure properly entered pleas of guilty, not to provide for a recital of all the possible sentencing situations that might arise. *Stewart*, 101 Ill. 2d at 486.

In the case *sub judice*, we agree with the circuit court's well-reasoned conclusion that the relevant provisions of the early release statute are collateral to defendant's plea of guilty (see *People v. Menke*, 74 Ill. App. 3d 220, 222 (1979)) and that *Menke* and *Huante* are controlling of the present case.

In *Menke*, this court held that a trial court is not required to explain early release provisions to a criminal defendant before it accepts a guilty plea as the effect of those provisions are a collateral consequence to the entry of the guilty plea. See *People v. Burton*, 100 Ill. App. 3d 1021, 1024 (1981) (good-time credit programs are enacted to promote prison discipline). In *Huante*, the supreme court held that the nondisclosure of a collateral consequence by defense counsel to a defendant prior to the entry of a guilty plea does not violate the defendant's right to effective assistance of counsel. Notwithstanding the foregoing, this court is aware of potential distinctions between *Menke* and *Huante* and the present case.

While it is true that *Menke* was decided under Rule 402, we nevertheless find its rationale to be significant here as the concerns that animate Rule 402, an intelligent and voluntary guilty plea by a criminal defendant, are also at issue in this case, only within the context

of effective representation. The *Menke* court concluded that the trial court was not required to explain the provisions of good-time credit since there was no assurance that the defendant would receive one day of good-time credit for each day in prison. Similarly, defendant is also not entitled to day-for-day credit, nor is he entitled to additional credit for participation in a correctional industry assignment.

We are also mindful that the *Huante* court dealt with a situation where trial counsel simply did not advise an accused of a collateral consequence, while the instant case involves the communication of erroneous advice. However, the fact remains that the issue of eligibility for early release is a *collateral* one and thus the correctness of the information defense counsel provided is irrelevant. We wish to stress that the question for this court here is not, as defendant has sought to frame it, whether a plea is voluntary when an attorney fails to discuss the issue of the applicability of the statute providing for a reduced sentence. Rather, the real issue is whether trial counsel performed reasonably by ensuring that his client voluntarily and intelligently entered his guilty plea. *Huante*, 143 Ill. 2d at 68-69.

Moreover, defendant's declaration that his guilty plea was involuntarily entered, based on the erroneous advice of trial counsel, is directly refuted by the record. Defendant was advised and stated that he understood: the charge to which he was pleading guilty; the minimum and maximum sentences he could receive; his right to plead not guilty and have a trial by jury; the State's burden to prove him guilty beyond a reasonable doubt; and his right to confront and question the witnesses that would testify against him. Defendant stated that he understood that by pleading guilty he was giving up all of the preceding rights explained to him by the trial court. Defendant further indicated that he understood that no witnesses would be called and that an agreed statement of facts would be heard. Defendant answered "no" when the trial court inquired whether anyone had promised him anything to enter the plea, other than the plea agreement of 13 years' imprisonment. Defendant also understood that the State agreed to dismiss the other indictments against him. Had defendant been convicted of the additional charges he would have faced three consecutive prison sentences. Based upon the foregoing, it is clear to us that defendant's plea was knowingly and intelligently entered and that trial counsel performed reasonably under the first prong of *Strickland*.

■ Moreover, we find the alleged failure by trial counsel to explain the statute providing for a reduced sentence a collateral issue to defendant's guilty plea. Therefore, defendant suffered no prejudice under the second prong of *Strickland*. Thus, we find there was no error by the circuit court.

■ Still to be considered is defendant's contention that he was denied effective assistance of counsel by his trial counsel's failure to timely argue, prior to the guilty plea, that the prosecution of this case was a violation of the fifth and fourteenth amendments' prohibition of double jeopardy (see U.S. Const., amends. V, XIV) due to an earlier civil forfeiture proceeding against defendant. We find this issue wholly without merit. Defendant cites to the fact that in *In re P.S.*, 169 Ill. 2d 260 (1996), the supreme court of Illinois found that a civil forfeiture action separate from the criminal proceeding can constitute double jeopardy. However, we wish to point out that *P.S.* was decided on January 18, 1996, over a year after defendant entered his guilty plea on November 17, 1994. In addition, at the time of defendant's conviction, *People v. 1988 Mercury Cougar*, 154 Ill. 2d 27 (1992), a case contradicted and overruled by *P.S.* was still the leading Illinois decision in this area.[1] Thus, defendant asks us to find that his trial counsel was ineffective by not divining a later change in the law. This is absurd.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI and McNULTY, JJ., concur.

---

[1]We note that *P.S.* was recently vacated by the United States Supreme Court for further consideration in light of *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996). See *Illinois v. Kimery*, 518 U.S. 1031, 135 L. Ed. 2d 1092, 116 S. Ct. 2577 (1996).