No. 2--04--1060                                            filed: 6/27/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 00--CF--1539 |
| KENTA FRISON, | ) ) | Honorable Victoria A Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Defendant, Kenta Frison, filed a postconviction petition (see 725 ILCS 5/122--1 et seq. (West 2004)) in the circuit court of Lake County, alleging that trial counsel was ineffective for failing to inform him that he was subject to the truth-in-sentencing provisions of the Unified Code of Corrections (Code) (730 ILCS 5/3-6-3(a)(2)(ii) (West 2000)) prior to the time he entered a guilty plea to the offense of aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2000)). He also asserts that the trial court's failure to admonish him on the same matter violated his constitutional rights. The trial court found that defendant had not stated the gist of a constitutional claim and therefore his petition was without merit. For the reasons that follow, we affirm.

This case comes to us following a dismissal during the first stage of postconviction proceedings. At this stage, a petitioner need present only the gist of a substantial constitutional claim. People v. Crane, 333 Ill. App. 3d 768, 773 (2002). All well-pleaded facts not positively

rebutted by the record must be taken as true (People v. Coleman, 183 Ill. 2d 366, 385 (1998)), and the allegations set forth in the petition must be liberally construed in favor of the petitioner (Coleman, 183 Ill. 2d at 388). The burden upon the petitioner is low, and he or she need "only present a limited amount of detail." People v. Gaultney, 174 Ill. 2d 410, 418 (1996). Neither legal argument nor citation to authority is necessary. Gaultney, 174 Ill. 2d at 418.

Defendant's two claims turn on the same issue. His claim regarding counsel's failure to inform him of one of the consequences of his guilty plea is essentially a claim that his counsel was ineffective. See People v. Pequeno, 337 Ill. App. 3d 537, 542 (2003). His argument that the trial court erred by failing to admonish him regarding truth-in-sentencing amounts to a claim that his plea was involuntary. See People v. Norris, 328 Ill. App. 3d 994, 996 (2002). In either case, the failure to inform a defendant of a consequence of a guilty plea is material only if the consequence is a direct consequence of the guilty plea. People v. Williams, 188 Ill. 2d 365, 371 (1999); People v. Curry, 178 Ill. 2d 509, 528 (1997). Collateral consequences, on the other hand, provide no basis for reversal. People v. Huante, 143 Ill. 2d 61, 69-70 (1991); Norris, 328 Ill. App. 3d at 997. Whether a consequence is direct or collateral presents a question of law and is subject to de novo review. Norris, 328 Ill. App. 3d at 997.

Direct consequences are those that are definite, immediate, and largely automatic in their effect upon a defendant's punishment. Williams, 188 Ill. 2d at 372; Pequeno, 337 Ill. App. 3d at 545. Collateral consequences do not relate to the length of the sentence imposed. Williams, 188 Ill. 2d at 372; Pequeno, 337 Ill. App. 3d at 545. Note that the focus is upon the sentence imposed rather than the sentence served. Generally, collateral consequences are things beyond the court's control. Williams, 188 Ill. 2d at 372; Pequeno, 337 Ill. App. 3d at 545. In this case, though the truth-in-sentencing law may well affect the sentence defendant ultimately serves, it does not affect the

sentence imposed by the trial court. Moreover, given that it concerns good-conduct credit, its application is not definite, immediate, or automatic.

Two cases provide sound guidance for the resolution of this appeal. The first, People v. Maury, 287 Ill. App. 3d 77 (1997), concerned the question of whether the defendant's eligibility for certain good-conduct credit was a direct or a collateral consequence of a guilty plea. Specifically, the defendant alleged that trial counsel had told him that he was eligible to receive additional good-conduct credit if he participated in various programs offered by the Department of Corrections. For example, the defendant claimed that he was informed that if he participated in a "correctional industry assignment," he would receive 1½ days' credit rather than the usual day-for-day credit. The defendant, as a Class X felon, was actually ineligible for that program. The court found that the defendant's eligibility for this additional good-conduct credit was a collateral consequence because there was no assurance that the defendant would receive any good-conduct credit at all. Maury, 287 Ill. App. 3d at 82-83. The second case we find relevant here is People v. Menke, 74 Ill. App. 3d 220 (1979), upon which the Maury court also relied. In that case, the court stated, "nor must the trial court explain the provision for good-time credit under section 3--6--3(a)(2) [of the Code] for there is no assurance that the defendant will receive one day of good-time credit for each day of service in prison." Menke, 74 Ill. App. 3d at 222. Both cases reject the notion that the provisions of a system for awarding good-conduct credit must be explained to a defendant, because it is not certain that a defendant will receive good-conduct credit. In other words, whether a defendant will actually receive any good-conduct credit does not flow definitely, immediately, and automatically from the imposition of a sentence. It is thus not a direct consequence of a guilty plea.

At issue here is the following portion of section 3--6--3 of the Code:

"*2 T*he rules and regulations on early release shall provide

*" that a prisoner serving a sentence for attempt to commit first degree murder, solicitation of murder, solicitation of murder for hire, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated kidnapping, aggravated battery with a firearm, heinous battery, aggravated battery of a senior citizen, or aggravated battery of a child <u>shall receive no more than</u> 4.5 days of good conduct credit for each month of his or her sentence of imprisonment[.]"* (Emphasis added.) 730 ILCS 5/3--6--3(a)(2) (West 2000).

Additionally, the Department of Corrections is directed to "prescribe rules and regulations for the early release <u>on account of good conduct</u> of persons committed to the Department." (Emphasis added.) 730 ILCS 5/3--6--3(a)(1) (West 2000).

Two features of this statute clearly indicate that eligibility for good-conduct credit is a collateral consequence of a guilty plea. First, section 3--6--3 states that a defendant "shall receive no more than 4.5 days of good conduct credit." 730 ILCS 5/3--6--3(a)(2) (West 2000). That a defendant may receive not more than 4.5 days of credit does not mean that a defendant will receive any such credit. Moreover, the statute makes clear that such credit is to be awarded "on account of good conduct." 730 ILCS 5/3--6--3(a)(1) (West 2000). Thus, the award of any such credit is contingent upon a defendant's behavior while incarcerated. As such, it is not something that is definite, immediate, and largely automatic in its effect upon a defendant's punishment. Accordingly, it is not a direct consequence of a guilty plea. See <u>Williams</u>, 188 Ill. 2d at 372; <u>Pequeno</u>, 337 Ill. App. 3d at 545.

Defendant attempts to avoid this result by characterizing the truth-in-sentencing statute as mandating that he serve at least 85% of his sentence. This characterization ignores the plain language of the statute, which makes him eligible for 4.5 days of good-conduct credit per month. The effect of the statute is to allow defendant to reduce his sentence by a certain amount for his good conduct. It no more mandates that he serve a certain sentence than the day-for-day good-conduct provisions require a defendant to serve half his or her sentence. In short, we find defendant's characterization of the statute ill-taken.

Therefore, counsel was not ineffective and the trial court did not err by failing to inform defendant of the provisions of section 3--6--3. As those provisions are collateral consequences of a guilty plea, defendant did not state the gist of a constitutional claim. The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.