# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Powers*, 2011 IL App (2d) 090292

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS J. POWERS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-09-0292 |
| Filed | November 23, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed defendant's postconviction petition alleging that his trial counsel was ineffective in failing to inform him that the plea offer made by the State was subject to a day-for-day good-conduct credit, since counsel's failure to inform defendant of that consequence involved an element collateral to the sentence offered and did not amount to ineffective assistance of counsel or provide a basis for reversal. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 00-CF-369; the Hon. Steven G. Vecchio, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal     Robert J. Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel     JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Hutchinson and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1     Defendant, Thomas J. Powers, appeals from the trial court's dismissal of his petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2006)). We affirm.

¶ 2     Following a jury trial, defendant was convicted of one count of attempted aggravated criminal sexual assault (720 ILCS 5/8-4(a) (West 2000)) and sentenced to 25 years in prison. This court affirmed the conviction in *People v. Powers*, No. 2-01-0496 (2003) (unpublished order under Supreme Court Rule 23). Defendant then filed a series of collateral petitions, including petitions for postconviction relief, for relief from judgment, and for *habeas corpus*, and he filed various appeals. In *People v. Powers*, 376 Ill. App. 3d 63 (2007), this court reversed and remanded the cause for the trial court to address defendant's motion to reconsider the dismissal of his postconviction petition. After a hearing, the trial court denied the motion to reconsider, and this appeal followed.

¶ 3     Defendant now contends that the trial court erred in denying his motion to reconsider and dismissing his postconviction petition. Specifically, defendant seeks remand of the cause for the trial court to consider defendant's claim that trial counsel was ineffective because he provided incorrect information regarding a plea offer made by the State prior to trial. The right to effective assistance of counsel extends to a defendant's decision to reject a plea offer. *People v. Curry*, 178 Ill. 2d 509, 518 (1997). "A criminal defendant has the constitutional right to be *reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis in original.) *Curry*, 178 Ill. 2d at 528.

¶ 4     The trial court dismissed defendant's petition at the second stage of the postconviction process. The dismissal of a postconviction petition is warranted only when the petition's allegations of fact, which are to be liberally construed in the petitioner's favor and in light of the original trial record, fail to make a substantial showing of a constitutional violation. *People v. Coleman*, 183 Ill. 2d 366, 382 (1998). This court will review *de novo* the dismissal of a postconviction petition without an evidentiary hearing. *People v. Wallace*, 406 Ill. App. 3d 172, 174 (2010).

¶ 5 To succeed on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the substandard performance prejudiced the defendant. *People v. Miller*, 393 Ill. App. 3d 629, 632 (2009). To establish deficiency in counsel's performance, the defendant must show that the performance was below an objective standard of reasonableness; prejudice is established by demonstrating a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Miller*, 393 Ill. App. 3d at 632-33. Unless both showings are made, it cannot be said that a conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Miller*, 393 Ill. App. 3d at 633.

¶ 6 In his affidavit, defendant stated that his trial counsel, while on the telephone with assistant State's Attorney Mark Karner, told defendant " 'that the [S]tate is offering you 14 years and that it would be served at 85%.' " Defendant also alleged that Karner stated at unspecified times "during the trial" and "on the record" that defendant's "charge is to be served at 85%" and that "all offers were at 85%." Without specifying when or where, defendant also alleged that defense counsel told him "that the charge is at 85%." However, defendant claimed that he was eligible to serve only 50%, instead of 85%, of his sentence. Under section 3-6-3(a)(2.1) of the Unified Code of Corrections (Code), defendant was eligible to receive "one day of good conduct credit" for each day of his sentence, and each day of credit "shall reduce by one day the prisoner's period of imprisonment." 730 ILCS 5/3-6-3(a)(2.1) (West 2000). Thus, both Karner and defense counsel were incorrect in their statements that defendant would be required to serve 85% of his sentence.

¶ 7 According to defendant, the difference between 85% and 50% was "almost 40 months." Defendant then stated that he "never received a proper offer" and that if he had "received a proper offer [he] would not have been forced to take this case to trial." Defendant argues that counsel was ineffective because, had counsel advised him correctly regarding the potential good-conduct credit, defendant would have taken the plea offer. However, this argument is a counterfactual conditional, a conclusion based on a false premise. Defendant's premise is that, had his attorney been competent in raising the correct good-conduct credit calculation, the State would have stood by the offer of 14 years with the more generous credit applying. This premise is both speculative and counterintuitive. Not only is there nothing in the record to support this premise, common sense leads one to conclude that the State would have amended its offer upwards when it learned of the proper good-conduct credit calculation. We do not accept defendant's claim, as it is speculative and presumes facts that have not been established.

¶ 8 Defense counsel passed along an offer the State presented that contained an element that did not conform to the applicable statutory scheme. There was no meeting of the minds on that offer, *i.e.*, no acceptance of the State's offer. However, there was a meeting of the minds regarding the State's intention in extending the offer: defendant would serve at least 11.9 years in prison. The State could achieve such an outcome with the proper rate of good-conduct credit by offering defendant a term of approximately 24 years. There simply is no showing of a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. In the absence of such a showing of prejudice, there is no substantial showing of a constitutional violation, and dismissal of the

postconviction petition was not error.

¶ 9 Further, the failure to inform a defendant of a consequence of a guilty plea is material only if the consequence is a direct consequence of the guilty plea; a collateral consequence provides no basis for reversal. *People v. Frison*, 365 Ill. App. 3d 932, 934 (2006). A direct consequence is one that is definite, immediate, and largely automatic in its effect on a defendant's punishment, while a collateral consequence does not relate to the length of the sentence that is imposed. *Frison*, 365 Ill. App. 3d at 934. The focus is on the sentence imposed rather than on the sentence that is ultimately served. *Frison*, 365 Ill. App. 3d at 934. In general, collateral consequences are things beyond the court's control. *Frison*, 365 Ill. App. 3d at 934.

¶ 10 In *Frison*, the defendant alleged in his postconviction petition that his trial counsel was ineffective for failing to inform him prior to pleading guilty that he would be required, under section 3-6-3(a)(2) of the Code (730 ILCS 5/3-6-3(a)(2) (West 2000)) ("truth-in-sentencing"), to "serve at least 85% of his sentence." *Frison*, 365 Ill. App. 3d at 935. This court found the defendant's characterization of the applicable Code section to be "ill-taken." *Frison*, 365 Ill. App. 3d at 936. The statute makes a defendant "eligible" for good-conduct credit and allows a defendant to reduce his sentence by a certain amount of such credit. *Frison*, 365 Ill. App. 3d at 935-36. "It no more mandates that he serve a certain sentence than the day-for-day good-conduct provisions require a defendant to serve half of his or her sentence." *Frison*, 365 Ill. App. 3d at 936. The award of good-conduct credit is contingent on the defendant's behavior while in prison; it is not something that is "definite, immediate, and largely automatic in its effect upon a defendant's punishment." *Frison*, 365 Ill. App. 3d at 935. Thus, we concluded that good-conduct credit "is not a direct consequence of a guilty plea." *Frison*, 365 Ill. App. 3d at 935. Therefore, counsel was not ineffective for failing to inform the defendant of the good-conduct credit provisions of the Code. *Frison*, 365 Ill. App. 3d at 936.

¶ 11 Liberally construing the petition's allegations of fact in defendant's favor and in light of the original trial record, we conclude that defendant failed to make a substantial showing of a constitutional violation. Defense counsel informed defendant of the plea offer made by the State; while the offer, and defense counsel's representation to defendant, contained an element that was statutorily incorrect, that element, regarding good-conduct credit, involved a consequence that was collateral to the issue of the sentence offered. Counsel's failure to properly inform defendant of that consequence does not constitute ineffectiveness and provides no basis for reversal.

¶ 12 For these reasons, the judgment of the circuit court of Winnebago County is affirmed.

¶ 13 Affirmed.