NOTICE
Decision filed 06/29/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 120548

NO. 5-12-0548

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 10-CF-108 |
| | ) | |
| FREDERICK G. KITCHELL, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Presiding Justice Cates and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Frederick G. Kitchell, appeals from an order of the circuit court of Lawrence County granting the State's motion to dismiss his postconviction petition in which he alleged ineffective assistance of guilty plea counsel. The issue on appeal is whether the circuit court erred in granting the State's motion to dismiss the postconviction petition alleging ineffective assistance of guilty plea counsel where plea counsel's advice was incorrect concerning available sentencing credit. In this appeal, the State has filed a motion to cite additional authority. This court grants the State's motion. We reverse and remand.

1

¶ 2                                    BACKGROUND

¶ 3     Defendant was charged by information with home invasion (720 ILCS 5/12-11(a)(2) (West 2008)), but ultimately pleaded guilty to attempted home invasion (720 ILCS 5/12-11(a)(2), 8-4(a) (West 2008)) and was sentenced to 10 years in the Illinois Department of Corrections (Department) and 2 years' mandatory supervised release as part of a fully negotiated plea.  During negotiations, defendant's attorney advised him he would be eligible to receive good-conduct credit while serving time in the Department if he participated in various educational, vocational, and drug rehabilitation classes. Defendant participated in such classes, but did not receive any good-time credit because he was ineligible for such credit pursuant to section 3-6-3 of the Unified Code of Corrections, "Rules and Regulations for Early Release" (730 ILCS 5/3-6-3 (West 2008)), and section 107.520 of Title 20 of the Illinois Administrative Code "Eligibility" (20 Ill. Adm. Code 107.520 (1996)).

¶ 4     On February 9, 2012, defendant filed a *pro se* petition for relief from judgment in which he argued that he agreed to a negotiated plea agreement because he was promised he could receive earned good-conduct credit, but he had since learned he was not eligible for such credit and, therefore, he "did not receive his benefit of the bargain."  The circuit court appointed counsel to represent defendant.  Appointed counsel withdrew the *pro se* petition and filed instead a postconviction petition, alleging defendant was denied effective assistance of plea counsel due to the erroneous advice plea counsel gave defendant regarding good-time credit, asserting that plea "counsel provided ineffective assistance of counsel when he incorrectly informed [defendant] that he would be eligible

2

for good[-]conduct credit for participation in various [Department] programs, and furthermore, the inaccurate advice of his counsel made his plea involuntary." Attached to the petition was defendant's affidavit in which he averred that he participated in various educational and vocational classes while in the Department, but failed to receive any good-conduct credit for such participation, and he "would not have entered into the plea agreement in this case if he would not have been erroneously informed by his defense counsel that he was eligible to receive good[-]conduct credit for participation" in such programs. The State filed a motion to dismiss. The circuit court granted the State's motion to dismiss. Defendant now appeals.

¶ 5                                ANALYSIS

¶ 6     The issue on appeal is whether the circuit court erred in granting the State's motion to dismiss defendant's postconviction petition alleging ineffective assistance of plea counsel where plea counsel's advice was incorrect concerning available sentencing credit. Defendant contends he would not have entered into his guilty plea if he had not been erroneously informed by plea counsel that he was eligible to receive good-conduct credit. He insists the erroneous advice of plea counsel amounted to ineffective assistance of counsel and the circuit court erred in granting the State's motion to dismiss the postconviction petition alleging ineffective assistance of guilty plea counsel. We agree.

¶ 7     The Post-Conviction Hearing Act (Act) provides a method by which a person under criminal sentence may assert that his or her conviction resulted from a substantial denial of his or her rights. 725 ILCS 5/122-1(a)(1) (West 2012); *People v. Tate*, 2012 IL 112214, ¶ 8, 980 N.E.2d 1100. A postconviction proceeding is commenced by the filing

3

of a petition. 725 ILCS 5/122-1(b) (West 2012). Each proceeding has three distinct stages. *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). The instant appeal is from a second stage dismissal of a postconviction petition. At the second stage, the circuit court must determine whether the petition and any accompanying documents make a substantial showing of a constitutional violation. *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446. If the petition fails to make a substantial showing of a constitutional violation, it is dismissed, but if such a showing is made, the petition advances to the third stage, where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2012); *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446. The dismissal of a postconviction proceeding at the second stage is reviewed *de novo. People v. Coleman*, 183 Ill. 2d 366, 389, 701 N.E.2d 1063, 1075 (1998).

¶ 8    A challenge to a guilty plea based upon allegations of ineffective assistance of counsel is subject to the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Hall*, 217 Ill. 2d 324, 334-35, 841 N.E.2d 913, 920 (2005). In order to obtain relief under *Strickland*, a petitioner must show both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 687. Plea counsel performs inadequately where he or she fails to ensure that the defendant's plea was entered voluntarily and intelligently. *Hall*, 217 Ill. 2d at 335, 841 N.E.2d at 920.

¶ 9    In support of his ineffective assistance claim, defendant relies on *People v. Young*, 355 Ill. App. 3d 317, 822 N.E.2d 920 (2005). *Young* is factually similar to the instant

4

case because it also involved a guilty plea which was procured through an affirmative misstatement of the consequences of a guilty plea. The issue in that case was whether trial counsel was ineffective when he incorrectly informed the defendant that he would serve less actual prison time by pleading guilty to a Class 1 felony with a 12-year prison term than he would serve by pleading guilty to a Class X felony with a 10-year prison term. *Young*, 355 Ill. App. 3d at 321, 822 N.E.2d at 923-24. The State moved to dismiss the petition, arguing that the claim was not supported by the record, and the circuit court granted the motion. *Young*, 355 Ill. App. 3d at 320, 822 N.E.2d at 923. In reversing, our colleagues in the Second District distinguished a case cited by the State, relied on our supreme court's analysis in another case, and discussed in detail the difference between an attorney's passive failure to inform a defendant of the collateral consequences of a guilty plea and an affirmative misrepresentation of the consequences as follows:

"As defendant points out, [*People v.*] *Maury*[, 287 Ill. App. 3d 77, 678 N.E.2d 30 (1997),] completely fails to consider *People v. Correa*, 108 Ill. 2d 541[, 485 N.E.2d 307] (1985), which draws a crucial distinction between 'the passive conduct of counsel in failing to discuss with a defendant the collateral consequences of a guilty plea' and 'unequivocal, erroneous, misleading representations' that counsel makes in response to a defendant's specific inquiries. *Correa*, 108 Ill. 2d at 551-52[, 485 N.E.2d at 311]. *Correa* involved the latter situation. While the court refused to decide whether the defendant's counsel would have been ineffective had he 'simply failed to advise the defendant of the collateral consequence' (*Correa*, 108 Ill. 2d at 550[, 485 N.E.2d at 311]), it held

that counsel's 'unequivocal, erroneous, misleading representations' about the collateral consequences of the plea amounted to ineffective assistance that rendered the defendant's plea involuntary. *Correa*, 108 Ill. 2d at 552[, 485 N.E.2d at 311]. ***

*** 

Defendant's allegation that he pleaded guilty based on [plea counsel's] erroneous advice is legally sufficient under the Act. Of course, whether defendant can actually prove his contention must be resolved at an evidentiary hearing." *Young*, 355 Ill. App. 3d at 323-24, 822 N.E.2d at 925-26.

¶ 10 *Young* concluded the defendant was entitled to a hearing on his claim that his trial counsel was ineffective and his plea was not voluntary and, therefore, reversed the trial court's judgment and remanded the case for an evidentiary hearing. *Young*, 355 Ill. App. 3d at 325, 822 N.E.2d at 926-27.

¶ 11 Nevertheless, in the instant case, the State asserts that because defendant indicated to the circuit court that there were no "promises" made by his attorney that persuaded him to accept the plea agreement, his argument on appeal must fail. However, we find that neither the fact that defendant stated on the record that no promises were made nor the fact that his attorney recited the plea agreement terms and failed to mention Department program credit is material. The question of good-time credit for program participation is directly related and a direct consequence of the charge to which defendant pled guilty. Here, there is no controversy that plea counsel's advice that defendant would be eligible for credit was erroneous.

6

¶ 12 The recent case of *People v. Clark*, 2011 IL App (2d) 100188, 957 N.E.2d 162, is instructive on the showing required to establish ineffectiveness of trial counsel. In *Clark*, the defendant alleged in a postconviction petition that he was denied the effective assistance of counsel during his guilty plea hearing when his attorney told him there were no witnesses available to support his defense of insanity. In support of his claim, the defendant attached the affidavit of the victim, who averred that the defendant was schizophrenic and had not been taking his medications at the time of the offense, that he heard voices telling him to stab her, and that she knew he did not mean to harm her. The reviewing court found that the defendant made a substantial showing that counsel was ineffective for failing to investigate the witness and that he was prejudiced because counsel told him that there were no witnesses available to support his defense. *Clark*, 2011 IL App (2d) 100188, ¶¶ 28-29, 957 N.E.2d 162. Similar to *Young*, *Clark* also contained an allegation of an unequivocally false misrepresentation, not mere passive conduct, sufficient to warrant a finding of ineffective assistance of counsel should the defendant be able to prove his allegations.

¶ 13 In the instant case, defendant attached to his petition an affidavit in which he specifically averred that he would not have pleaded guilty but for the erroneous advice of plea counsel that defendant was eligible to receive good-conduct credit for participation in certain Department programs. As our colleagues in the Fourth District stated, "Defendant's contention that counsel gave him wrong advice and he relied on that advice is sufficient under the Act to entitle him to an evidentiary hearing ***." *People v. Stewart*, 381 Ill. App. 3d 200, 206, 887 N.E.2d 461, 467 (2008). Whether defendant can

7

prove his contention will be determined at the evidentiary hearing.

¶ 14    For the foregoing reasons, we reverse the circuit court's judgment and remand for an evidentiary hearing.

¶ 15    Reversed and remanded.

2015 IL App (5th) 120548

NO. 5-12-0548

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 10-CF-108 |
| | ) | |
| FREDERICK G. KITCHELL, | ) | Honorable |
| | ) | Robert M. Hopkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed:**     June 29, 2015

**Justices:**          Honorable Richard P. Goldenhersh, J.

Honorable Judy L. Cates, P.J., and
Honorable Melissa A. Chapman, J.,
Concur

**Attorneys**       Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**             Defender, Robert S. Burke, Assistant Appellate Defender, Office of
**Appellant**       the State Appellate Defender, Fifth Judicial District, 909 Water Tower
                    Circle, Mt. Vernon, IL 62864

**Attorneys**       Hon. Christopher M. Quick, State's Attorney, Lawrence County
**for**             Courthouse, Courthouse Square, Lawrenceville, IL 62439, Patrick
**Appellee**        Delfino, Director, Stephen E. Norris, Deputy Director, Whitney E.
                    Atkins, Staff Attorney, Office of the State's Attorneys Appellate
                    Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt.
                    Vernon, IL 62864