# Illinois Official Reports

## Appellate Court

---

### *People v. Brown*, 2016 IL App (4th) 140760

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY S. BROWN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0760 |
| Filed | November 10, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 12-CF-1460; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Ann Fick, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Julia Rietz, State's Attorney, of Champaign (Patrick Delfino, David J. Robinson, and Kathy Shepard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion.<br>Presiding Justice Knecht and Justice Pope concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Anthony S. Brown, appeals the second-stage dismissal of his amended petition for postconviction relief. We affirm the trial court's judgment because in our *de novo* review, we conclude that defendant has failed to make a substantial showing of a constitutional violation.

¶ 2                               I. BACKGROUND
¶ 3                           A. The Negotiated Guilty Plea
¶ 4     On May 6, 2013, defendant entered a fully negotiated plea of guilty to the charge of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2012)). In exchange, he received a sentence of 18 years' imprisonment, and the State nol-prossed a charge of home invasion with a firearm (720 ILCS 5/19-6(a)(3) (West 2012)).

¶ 5                 B. The Amended Petition for Postconviction Relief
¶ 6     On June 19, 2014, defendant, through his appointed counsel, filed an amended petition for postconviction relief. In the amended petition, he alleged that before he pleaded guilty to being an armed habitual criminal, his trial attorney misinformed him regarding the good-conduct credit he could potentially receive, telling him the minimum time he would have to serve was 50% of his prison sentence rather than 85%. Defendant supported this allegation with his own affidavit, in which he stated as follows. Before entering into the negotiated guilty plea, he confirmed with his trial attorney that he would serve his prison sentence at 50% (meaning that he could receive day-for-day credit for good behavior and thus could be discharged after serving only nine years). He accepted the plea agreement in reliance on that advice. Later, after he was committed to the Department of Corrections (Department), he learned that, in reality, statutory law required him to serve 85% of his prison sentence. See 730 ILCS 5/3-6-3(a)(2)(ii) (West 2012). He would not have entered into the negotiated guilty plea if he had known he was required to serve at least 85% of the proposed 18-year prison sentence instead of 50% as his trial attorney had advised him.

¶ 7     On August 26, 2014, the trial court granted the State's motion for dismissal on the ground that defendant had shown no prejudice from the incorrect legal advice.

¶ 8     This appeal followed.

¶ 9                               II. ANALYSIS
¶ 10    In the second stage of a postconviction proceeding, the defendant must make a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). On appeal from a second-stage dismissal, we decide *de novo* whether the defendant made such a substantial showing, liberally construing the allegations of the petition (*People v. Coleman*, 183 Ill. 2d 366, 388 (1998)) and taking as true all well-pleaded facts that are not positively rebutted by the record (*Pendleton*, 223 Ill. 2d at 473).

¶ 11    If we followed two cases that defendant cites, *People v. Stewart*, 381 Ill. App. 3d 200 (2008), and *People v. Kitchell*, 2015 IL App (5th) 120548, we would find a substantial showing of a constitutional violation. The problem is, those two cases are irreconcilable with *People v. Rissley*, 206 Ill. 2d 403 (2003), binding authority that they do not mention. Given

the choice between following *Stewart* and *Kitchell* on the one hand or *Rissley* on the other, we should follow *Rissley*, since it is a decision by the supreme court. See *Agricultural Transportation Ass'n v. Carpentier*, 2 Ill. 2d 19, 27 (1953) ("Where the Supreme Court has declared the law on any point, it alone can overrule and modify its previous opinion, and the lower judicial tribunals are bound by such decision and it is the duty of such lower tribunals to follow such decision in similar cases.").

¶ 12     We decline to follow *Stewart* and *Kitchell* because for purposes of ineffective assistance in the context of guilty pleas, *Rissley* requires a particular showing of prejudice that *Stewart* and *Kitchell* do not seem to require. To explain what we mean, we will take those three cases one at a time.

¶ 13                                             A. *Stewart*

¶ 14     In *Stewart*, the amended petition for postconviction relief alleged that the trial court had omitted to admonish the defendant, before accepting his guilty plea, that he would have to serve a minimum of 85% of his prison sentence. *Stewart*, 381 Ill. App. 3d at 201. The State moved to dismiss the amended petition, and it appears that, in the hearing on the State's motion for dismissal, the evidence and the arguments went beyond the scope of the amended petition by addressing a new, unpleaded theory of ineffective assistance of plea counsel. *Id.* at 202. The trial court acknowledged a letter from the defendant's plea counsel advising the defendant, incorrectly, that he could receive day-for-day good-conduct credit. *Id.* It appears, though, that when granting the State's motion for dismissal, the court said nothing about ineffective assistance (perhaps regarding the issue as forfeited (725 ILCS 5/122-3 (West 2006))) but confined itself to the observation that, in a guilty-plea hearing, it was unnecessary to admonish the defendant regarding good-conduct credit. *Id.*

¶ 15     On appeal, the defendant argued that his amended petition should have been "advanced to the third stage to present evidence that he only pleaded guilty because of his attorney's explicit wrong advice and he would not have pleaded guilty had it not been for this bad information." *Id.* at 205. We responded as follows:

> "In this case, [the] defendant's *pro se* petition, the attached letter from guilty-plea counsel, the amended petition, and the arguments during the postconviction proceedings demonstrate that [the] defendant alleges that (1) guilty-plea counsel gave him erroneous advice, (2) based on that erroneous advice he decided to plead guilty, and (3) he would not have pleaded guilty had it not been for the misinformation. [The] [d]efendant's contention that counsel gave him wrong advice and he relied on that advice is sufficient under the [Post-Conviction Hearing] Act [(Act)] to entitle him to an evidentiary hearing—even though the advice involved a collateral consequence of his guilty plea." *Id.* at 206.

¶ 16                                             B. *Kitchell*

¶ 17     In the subsequent decision of *Kitchell*, the defendant alleged in his postconviction petition that he would not have pleaded guilty but for his attorney's erroneous advice, during the plea negotiations, that he could receive good-conduct credit for participation in various programs within the Department. *Kitchell*, 2015 IL App (5th) 120548, ¶ 4. He alleged he had taken educational and vocational classes while in prison only to find out that, contrary to

what his attorney had told him, he actually was ineligible for good-conduct credits for taking such classes. *Id.*

¶ 18 On appeal from the second-stage dismissal of his postconviction petition, the defendant "contend[ed] he would not have entered into his guilty plea if he had not been erroneously informed by plea counsel that he was eligible to receive good-conduct credit." *Id.* ¶ 6. He insisted the erroneous advice amounted to ineffective assistance and that the trial court had erred by granting the State's motion to dismiss his petition. *Id.*

¶ 19 The Fifth District agreed with the defendant (*id.*), relying in part on our decision in *Stewart* (*id.* ¶ 13). The Fifth District said:

"In the instant case, [the] defendant attached to his petition an affidavit in which he specifically averred that he would not have pleaded guilty but for the erroneous advice of plea counsel that [the] defendant was eligible to receive good-conduct credit for participation in certain Department programs. As our colleagues in the Fourth District stated, '[The] [d]efendant's contention that counsel gave him wrong advice and he relied on that advice is sufficient under the Act to entitle him to an evidentiary hearing ***.' [Citation.] Whether [the] defendant can prove his contention will be determined at the evidentiary hearing." *Id.* (quoting *Stewart*, 381 Ill. App. 3d at 206).

¶ 20 C. *Rissley*

¶ 21 In *Rissley*, which predates *Stewart* and *Kitchell*, the defendant pleaded guilty to aggravated kidnapping and murder (*Rissley*, 206 Ill. 2d at 408), and his sentence of death ultimately was commuted to natural-life imprisonment without the possibility of parole (*id.* at 409).

¶ 22 He filed a petition for postconviction relief, which later was amended by his appointed postconviction counsel. *Id.* at 408. One of the claims in the amended petition was that plea counsel had rendered ineffective assistance by failing to advise the defendant that "the option existed for a bench trial during the guilt/innocence phase of the proceedings." *Id.* at 457.

¶ 23 The supreme court explained that when challenging a guilty plea on the ground of ineffective assistance, the defendant had to prove both elements of *Strickland v. Washington*, 466 U.S. 668 (1984), namely, deficient performance and resulting prejudice. *Rissley*, 206 Ill. 2d at 457. In the context of a guilty plea, "[c]ounsel's conduct [was] deficient under *Strickland* if the attorney failed to ensure that the defendant entered the plea voluntarily and intelligently." *Id.* To establish the other element of *Strickland*, prejudice, the defendant had to "show that there [was] a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Id.*

¶ 24 It was the second element, the element of prejudice, that the supreme court found to be unsubstantiated. *Id.* at 460. The defendant had made an adequate showing of the first element. *Id.* at 457. The supreme court was willing to assume that plea counsel had been "deficient" in failing to "realiz[e] that the option existed for a bench trial during the guilt/innocence phase of the proceedings." *Id.* But when it came to the element of prejudice, all the defendant had presented was his "bare allegation that had counsel not been deficient during plea discussions, defendant would have pleaded differently and gone to trial." (Internal quotation marks omitted.) *Id.* at 458. Such a "subjective" and "self-serving"

- 4 -

allegation, standing alone, simply was not good enough. (Internal quotation marks omitted.) *Id.* at 459. The defendant's naked assertion that, but for plea counsel's bad advice, he would not have pleaded guilty—"*unaccompanied by either a claim of innocence or the articulation of any plausible defense that he could have raised had he opted for a trial*"—failed to show prejudice. (Emphasis in original and internal quotation marks omitted.) *Id.* The defendant in *Rissley* never claimed he was innocent of the charges, nor had he identified a plausible defense to the charges; therefore, he had failed to establish prejudice, as required under *Strickland*. *Id.* at 460.

¶ 25 From this explication of *Rissley*, it should be apparent that *Stewart* is mistaken in its evaluation of prejudice, and the same holds true for *Kitchell*, which relied on *Stewart*. *Stewart* held: "[The] [d]efendant's contention that counsel gave him wrong advice and he relied on that advice is sufficient under the Act to entitle him to an evidentiary hearing—even though the advice involved a collateral consequence of his guilty plea." *Stewart*, 381 Ill. App. 3d at 206. *Kitchell* echoed that holding. *Kitchell*, 2015 IL App (5th) 120548, ¶ 13. Those cases assume a defendant can show prejudice simply by asserting that, but for plea counsel's bad advice, he or she would have pleaded differently and would have gone to trial. But *Rissley* is quite clear: a bare allegation to that effect will not establish prejudice. *Rissley*, 206 Ill. 2d at 458. The defendant must additionally claim he or she is innocent of the charges or must identify a plausible defense to the charges. *Id.* at 459. Defendant in the present case has done neither, and therefore the trial court was correct to grant the State's motion for dismissal.

¶ 26                                    III. CONCLUSION

¶ 27 For the foregoing reasons, we affirm the trial court's judgment, and we award the State $50 in costs against defendant.

¶ 28 Affirmed.