# Illinois Official Reports

## Appellate Court

***People v. Thomas*, 2017 IL App (4th) 150815**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTIAN DIOR THOMAS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0815 |
| Filed | December 22, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 14-CF-617; the Hon. Robert L. Freitag, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Karl H. Mundt, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and John M. Zimmerman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE DeARMOND delivered the judgment of the court, with opinion.<br>Presiding Justice Turner and Justice Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1        In January 2015, the trial court found defendant, Christian Dior Thomas, guilty of armed robbery with a firearm and aggravated vehicular hijacking. At the March 2015 sentencing hearing, the court sentenced defendant to 26 years in prison on the aggravated vehicular hijacking conviction.

¶ 2        On appeal, defendant argues (1) he was denied the effective assistance of counsel and (2) the trial court erred by not conducting an inquiry under *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984). We affirm.

### I. BACKGROUND

¶ 4        In June 2014, a grand jury indicted defendant on single counts of armed robbery with a firearm (count I) (720 ILCS 5/18-2(a)(2) (West 2014)) and aggravated vehicular hijacking (count II) (720 ILCS 5/18-4(a)(4) (West 2014)). In count I, the State alleged defendant committed the offense of armed robbery with a firearm when he knowingly took property, a Chevrolet Tahoe, by threatening the use of imminent force while armed with a firearm. In count II, the State alleged defendant committed the offense of aggravated vehicular hijacking when he knowingly took a motor vehicle, a Chevrolet Tahoe, by threatening the imminent use of force while carrying a firearm on or about his person.

¶ 5        Following a January 2015 bench trial, the trial court found defendant guilty on both counts. In March 2015, during the sentencing hearing, it was determined that defendant could be sentenced on only one count because of the one-act, one-crime rule, and the State asked for a judgment on the aggravated-vehicular-hijacking conviction. The court informed the parties it believed the sentence would be served at 50% because the State did not allege or prove great bodily harm (730 ILCS 5/3-6-3(a)(2)(iii) (West 2014)), but it was willing to hear arguments from both sides. The State agreed it did not plead great bodily harm, nor would the evidence support a finding of great bodily harm. Defense counsel stated he originally "had no doubt that it was an 85 percent sentence," but upon reviewing the statute, he agreed the court was correct in its assessment of the sentence. After further discussion and arguments on aggravating and mitigating factors, the court sentenced defendant to 11 years with a 15-year add-on in the Illinois Department of Corrections.

¶ 6        After the sentencing hearing, defendant filed a motion for a new trial and a motion to reconsider the sentence. The trial court deemed the motion for a new trial untimely and denied the motion to reconsider the sentence. This appeal followed.

### II. ANALYSIS

#### A. Ineffective Assistance of Counsel

¶ 9        Defendant argues he received ineffective assistance of counsel because his attorney told him the plea offers would be served at 85%, which was not possible given the pleadings in the bill of indictment. We disagree.

¶ 10        A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Henderson*, 2013 IL 114040, ¶ 11, 989 N.E.2d 192. To prevail on such a claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the

defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). To establish deficient performance, the defendant must show his attorney's performance fell below an objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219, 808 N.E.2d 939, 953 (2004) (citing *Strickland*, 466 U.S. at 687). " 'Effective assistance of counsel refers to competent, not perfect representation.' " *Id.* at 220 (quoting *People v. Stewart*, 104 Ill. 2d 463, 491-92, 473 N.E.2d 1227, 1240 (1984)). Mistakes in trial strategy or tactics do not necessarily render counsel's representation defective. See *People v. Kyse*, 220 Ill. App. 3d 971, 974, 581 N.E.2d 285, 287 (1991) (finding defense counsel's decision not to tender an affirmative defense of voluntary intoxication was a trial tactic and did not constitute ineffective assistance of counsel).

¶ 11    To establish the second prong of *Strickland*, "[a] defendant establishes prejudice by showing that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." *People v. Houston*, 229 Ill. 2d 1, 4, 890 N.E.2d 424, 426 (2008). A "reasonable probability" has been defined as a probability that would be sufficient to undermine confidence in the outcome of the trial. *Id.* "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness." *People v. Simpson*, 2015 IL 116512, ¶ 35, 25 N.E.3d 601.

> "Although a defendant has no constitutional right to plea bargain, if the State chooses to bargain, the defendant has the right to the effective assistance of counsel in negotiations with the State. [Citation.] Moreover, the right to the effective assistance of counsel extends to the defendant's decision to reject a plea offer, even if the defendant subsequently receives a fair trial." *People v. Brown*, 309 Ill. App. 3d 599, 604, 723 N.E.2d 362, 366 (1999) (citing *People v. Curry*, 178 Ill. 2d 509, 517, 687 N.E.2d 877, 882 (1997)).

¶ 12    In this case, the prosecutor and defense counsel were mistaken in their belief the sentence would be served at 85%. Under section 3-6-3(a)(2)(iii) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(iii) (West 2014)), defendant would receive "no more than 4.5 days of sentence credit for each month of his *** imprisonment" upon the court "enter[ing] a finding *** that the conduct leading to conviction for the enumerated offense [of armed robbery or aggravated vehicular hijacking] resulted in great bodily harm to a victim." As the State failed to prove great bodily harm, resulting in the trial court declining to make such a finding, the conduct falls under section 3-6-3(a)(2.1) of the Unified Code of Corrections, which states "[f]or all offenses, other than those enumerated in subdivision (a)(2)(i), (ii), or (iii) *** a prisoner who is serving a term of imprisonment shall receive one day of sentence credit for each day of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2.1) (West 2014). While the State offered several plea deals to defendant—the lowest alleged plea deal being 21 years—these deals were all to be served at 85%. Only at the sentencing hearing did the court correct the misconception of the parties and note defendant could not get 85%, as the State requested. The court then sentenced defendant to a total of 26 years at 50%. After discovering he was misinformed, defendant sent a letter to the court, seeking an appeal of his sentence and/or a reduction of his sentence, saying that if he knew his sentence would be served at 50%, he "might have" taken the State's plea offer of 21 years.

¶ 13    In *People v. Williams*, 2016 IL App (4th) 140502, 54 N.E.3d 934, this court discussed in detail the burden on a defendant asserting an ineffective assistance of counsel claim based on plea negotiations. Citing the Illinois Supreme Court's holding in *People v. Hale*, 2013 IL

113140, ¶ 19, 996 N.E.2d 607, this court noted how the requirements for establishing prejudice in plea negotiations discussed in *Curry* had since been addressed by the United States Supreme Court in *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). *Williams*, 2016 IL App (4th) 140502, ¶ 27, 54 N.E.3d 934. In cases where a defendant claims but for counsel's ineffective assistance, he might have accepted a plea offer, the *Hale* court added an additional factor that required a defendant to also show a reasonable probability the offer would not have been withdrawn by the State or rejected by the court. *Hale*, 2013 IL 113140, ¶ 19, 996 N.E.2d 607.

> "Thus, to prevail on a claim that a trial attorney's given deficient performance denied a defendant his constitutional right to the effective assistance of counsel during guilty-plea negotiations with the State, a defendant must also demonstrate that (1) a reasonable probability existed that the defendant would have accepted the guilty-plea offer absent counsel's deficient performance and (2) the guilty-plea offer would have been entered without the prosecution rescinding the offer or the court's refusing to accept the parties' agreement. [Citations.]" *Williams*, 2016 IL App (4th) 140502, ¶ 29, 54 N.E.3d 934.

¶ 14    We find defendant cannot satisfy the prejudice prong of the *Strickland* standard for two reasons. First, nothing in the record indicates the State would not have increased its offer upon recognition of the error about the percentage of time defendant would serve. See *People v. Powers*, 2011 IL App (2d) 090292, ¶ 8, 961 N.E.2d 906. In *Powers*, the defendant alleged the State made several plea offers to him to serve the sentence at 85%, with the lowest sentence being 14 years at 85%. *Id.* ¶ 6. The defendant claimed he was eligible to serve only 50%, and his counsel was ineffective because he would have taken the plea deal if it was accurately conveyed to him. *Id.* ¶¶ 6, 7. The Second District found the defendant's argument "a counterfactual conditional, a conclusion based on a false premise." *Id.* ¶ 7.

> "Defendant's premise is that, had his attorney been competent in raising the correct good-conduct credit calculation, the State would have stood by the offer of 14 years with the more generous credit applying. This premise is both speculative and counterintuitive. Not only is there nothing in the record to support this premise, common sense leads one to conclude that the State would have amended its offer upwards when it learned of the proper good-conduct credit calculation." *Id.*

The court noted the defendant did not accept the plea deal and there was no "meeting of the minds on that offer." *Id.* ¶ 8. "However, there was a meeting of the minds regarding the State's intention in extending the offer: defendant would serve at least 11.9 years in prison." *Id.* The court found the same result could have been achieved by offering a plea of 24 years, and thus, there was "no showing of a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Id.* As a result, the court denied the defendant's claim of ineffective assistance of counsel because he could not prove prejudice. *Id.*

¶ 15    In this case, as in *Powers*, there was a meeting of the minds regarding the State's intention in extending the offer with a requirement that defendant serve 17.85 years (21 years served at 85%). To reach the same result served at 50%, the State could have offered 36 years, which was possible under the sentencing range available for aggravated vehicular hijacking. See 720 ILCS 5/18-4(b) (West 2014) (indicating a violation of subsection (a)(4) is a Class X felony with a 15-year add-on); 730 ILCS 5/5-4.5-25(a) (West 2014) (stating the sentence for a Class

X felony is 6 to 30 years in prison). As such, defendant cannot show the outcome would have changed as a result of counsel's lack of knowledge about the percentage of time served under the statute.

¶ 16 In addition, counsel's failure to inform the defendant of a collateral consequence of his guilty plea, *i.e.*, actual time served, will not normally provide a basis for relief. *People v. Frison*, 365 Ill. App. 3d 932, 851 N.E.2d 890 (2006). "[T]he failure to inform a defendant of a consequence of a guilty plea is material only if the consequence is a direct consequence of the guilty plea. [Citations.] Collateral consequences on the other hand, provide no basis for reversal." *Id.* at 934, 851 N.E.2d at 892-93.

¶ 17 The *Powers* court discussed *Frison*, noting how "[a] direct consequence is one that is definite, immediate, and largely automatic in its effect on a defendant's punishment, while a collateral consequence does not relate to the length of the sentence that is imposed." *Powers*, 2011 IL App (2d) 090292, ¶ 9. The court pointed out how the focus, in such an analysis, is on the sentence imposed, not the time to be actually served. *Id.*

¶ 18 Although defendant's counsel claimed at oral argument our supreme court has done away with the "direct vs. collateral" consequences analysis when a defendant is given incorrect advice by counsel as a result of its decision in *People v. Correa*, 108 Ill. 2d 541, 485 N.E.2d 307 (1985), such is not the case. The court in *Correa* merely noted how a failure by counsel to properly advise a defendant of the collateral consequences of deportation pursuant to a plea of guilty, *after being specifically asked whether he was subject to deportation*, could result in a finding of ineffective assistance, even though deportation was a collateral consequence. *Id.* at 551-52, 485 N.E.2d at 311. A failure to advise of such consequences is still considered a collateral consequence, which does not amount to ineffective assistance.

¶ 19 The Illinois Supreme Court confirmed the continued existence of the "direct vs. collateral" consequences analysis necessary in assessing claims of ineffective assistance at guilty pleas in *People v. Manning*, 227 Ill. 2d 403, 883 N.E.2d 492 (2008). Although the court found it inapplicable to the particular facts of their case, the court noted how the direct-consequences doctrine requires a defendant must understand the direct results of any plea he enters. *Id.* at 415, 883 N.E.2d at 501. " '[A] trial court's obligation to ensure that a defendant understands the direct consequences of his or her plea encompasses only those consequences of the sentence that the trial judge can impose.' " (Emphasis omitted.) *Id.* (quoting *People v. Williams*, 188 Ill. 2d 365, 372, 721 N.E.2d 539, 544 (1999)).

¶ 20 Both *Correa* and *People v. Young*, 355 Ill. App. 3d 317, 822 N.E.2d 920 (2005), were cited by defendant's counsel as support for his position that erroneous advice regarding collateral consequences may form the basis for an ineffective assistance of counsel claim. It is particularly important to note however, both cases involved affirmative erroneous statements or misinformation in response to specific inquiries by the defendant. *Correa*, 108 Ill. 2d 541, 485 N.E.2d 307; *Young*, 355 Ill. App. 3d 317, 822 N.E.2d 920.

¶ 21 The second reason defendant cannot show prejudice is defendant claims he "might have" taken the deal, not that he would have taken the deal. To succeed on a claim of ineffective assistance of counsel, defendant has to show a probability sufficient to undermine the confidence in the outcome of the trial. *Houston*, 229 Ill. 2d at 4, 890 N.E.2d at 426. His wavering statement in his letter to the trial court fails to show a reasonable probability existed, if given the 21-year plea deal at 50%, defendant would not have proceeded to trial. If the noncommittal statement "might have" satisfies the prejudice prong under *Strickland*, it would

completely dismantle the nature of the proof required to show prejudice in guilty pleas, as many defendants would claim they might have taken the plea deal if the sentence after trial proved to be harsher than the plea offered. However, the standard is "a probability sufficient to undermine confidence in the outcome" of the trial, and defendant's lackadaisical assertion is clearly insufficient to undermine the confidence in the outcome of the trial. *Id.* As such, counsel's performance at trial was not constitutionally ineffective.

¶ 22                                    B. *Krankel* Inquiry

¶ 23     Defendant argues he was entitled to a *Krankel* inquiry on his claim of ineffective assistance of counsel. We disagree.

¶ 24     "[W]hen a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim." *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003). "[A] *pro se* defendant is not required to do any more than bring his or her claim to the trial court's attention." *Id.* at 79, 797 N.E.2d at 638. "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *People v. Ayres*, 2017 IL 120071, ¶ 18. "If a defendant does not make a valid ineffective assistance claim, [he] does not trigger the need for the trial court to inquire." *People v. King*, 2017 IL App (1st) 142297, ¶ 15, 80 N.E.3d 599 (citing *People v. Taylor*, 237 Ill. 2d 68, 927 N.E.2d 1172 (2010)). "The issue of whether the circuit court properly conducted a preliminary *Krankel* inquiry presents a legal question that we review *de novo*." *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.3d 1127.

¶ 25     In this case, defendant wrote a letter to the trial court after sentencing, which stated, in part:

> "I would also like a motion filed for a reduction of sentence. I was sentenced 3/5/15 to 26 years at 50%. I would like this motion filed due to the fact that during my time in the county I was offered three plea deals at 85% not knowing that I had the option of 50%. If told I had the option of 50% or even told that I could not get a 85% offer due to the nature of my offense, at my plea offer of 21 yrs at 85% if known I could get 50% I might have taken the plea instead of going to trial."

Defendant argues he made an implicit claim of ineffective assistance of counsel in his letter to the court.

¶ 26     Courts have found a defendant is entitled to a *Krankel* inquiry when the defendant makes an explicit or "clear" complaint of trial counsel's performance or ineffective assistance of counsel. See *Ayres*, 2017 IL 120071, ¶ 18 (finding the defendant was entitled to a *Krankel* inquiry after claiming ineffective assistance of counsel in his petition to withdraw his guilty plea); *Moore*, 207 Ill. 2d at 81, 797 N.E.2d at 639-40 (finding the defendant's claim in open court that his attorney could not adequately represent him entitled him to a *Krankel* inquiry); *People v. Giles*, 261 Ill. App. 3d 833, 848, 635 N.E.2d 969, 979-80 (1994) (finding the trial court inquired into defendant's allegation of counsel's incompetence in a *pro se* posttrial motion and found it without merit); *People v. Finley*, 222 Ill. App. 3d 571, 584, 584 N.E.2d 276, 284-85 (1991) (finding the defendant was entitled to a *Krankel* inquiry after the defendant wrote letters to the judge claiming his attorney failed to call witnesses on his behalf). *People v. Lobdell*, 2017 IL App (3d) 150074, cited by defendant as supplemental authority, is inapposite. In *Lobdell*, the court found the defendant was entitled to a *Krankel* inquiry when he wrote a letter to the trial court, claiming his attorney did not bring up fourth and fifth amendment

claims. *Id.* ¶ 37. Such is not the case before this court. In instances where the defendant's claim is implicit and could be subject to different interpretations, a *Krankel* inquiry is not required. See *Taylor*, 237 Ill. 2d at 77, 927 N.E.2d at 1777 (finding a defendant's statement, which could be subject to multiple interpretations, including regret over a rejected plea deal, was not sufficient to trigger a *Krankel* inquiry); *King*, 2017 IL App (1st) 142297, ¶ 20, 80 N.E.3d 599 (finding the defendant was not entitled to *Krankel* inquiry when, at sentencing, the defendant claimed error in that a witness was not called without mentioning her attorney).

¶ 27    Here, defendant did not mention his attorney in his letter to the trial court. In addition, when considered in context, the court was aware, by the time it received defendant's letter, that both parties had been operating under the misconception defendant's charges were subject to sentencing at 85%. In addition, the defendant was present before the court when both the State and his counsel were informed of their error in calculating the actual sentence to be served. The letter sent to the judge two days after the sentencing hearing requested a "motion for appeal" and a "motion for a reduction of sentence" be filed on his behalf. Defendant's letter, under these circumstances, could have easily appeared to be his hoping to somehow get another chance at a lesser sentence.

¶ 28    As he made no mention of his attorney, or any assertion of ineffective assistance, the letter was subject to many interpretations, including defendant's *ex post facto* regret at not taking the State's alleged offer.

¶ 29    The trial court had before it the defendant's presentence report, in which he maintained his innocence of the offenses charged. It also heard defendant during his opportunity for allocution at the conclusion of the sentencing hearing make no comment about the differences in actual time to be served and again assert his innocence of the offense. The court was also aware, from its review of the presentence report, that the defendant was no stranger to the criminal justice process. Coupled with the fact that he also sought to file a notice of appeal, his assertion that he "might have taken the plea" may have carried even less weight.

¶ 30    There is no question our courts have lessened the burden on defendants, unskilled in the law, to make an assertion sufficient to warrant a *Krankel* inquiry. However, it is equally clear courts of review are, and reasonably should be, reluctant to require trial courts to somehow glean an ineffective-assistance-of-counsel claim from every obscure complaint or comment made by a defendant.

¶ 31    Defendant argued the State was suggesting that a defendant was required to use the magic words "ineffective assistance of counsel" before a trial court need conduct the type of inquiry required by *Krankel*. This is not true. The court held in *Ayres* that judicial economy is best served by allowing an express claim of ineffective assistance of counsel to trigger a *Krankel* inquiry. *Ayres*, 2017 IL 120071, ¶ 21. However, for a defendant to make a "clear claim" of ineffective assistance of counsel, the defendant must at least mention his attorney. The trial court was in a position to review defendant's letter within the context of the circumstances surrounding the plea and sentencing. Here, defendant did not request the appointment of new counsel, or reference his counsel in any way, which might have directed the court's attention to some perceived deficiency in trial counsel's representation. See *Finley*, 222 Ill. App. 3d at 576, 584 N.E.2d at 279. As defendant's letter falls short of a "clear claim asserting ineffective assistance of counsel" (*Ayres*, 2017 IL 120071, ¶ 18), he is not entitled to a *Krankel* inquiry.

¶ 32                                    III. CONCLUSION

¶ 33        For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal.

¶ 34        Affirmed.