NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200278-U

NO. 4-20-0278

IN THE APPELLATE COURT

FILED
December 14, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Clark County |
| ANTHONY B. WYCOFF, | ) | No. 19CF49 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Tracy W. Resch, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding that the trial court did not err in failing to
conduct a preliminary *Krankel* inquiry because defendant did not raise an express
*pro se* postplea claim of ineffective assistance of counsel.

¶ 2    Defendant, Anthony B. Wycoff, appeals his convictions for aggravated domestic

battery and unlawful use of a weapon by a felon. Defendant argues the trial court erred in failing

to conduct a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), after his

counsel orally raised an implicit claim of ineffective assistance of counsel at the hearing on his

motion to withdraw his guilty plea. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    Defendant was charged with attempted first degree murder (720 ILCS 5/8-4(a),

9-1(a) (West 2018)), aggravated battery (*id.* § 12-3.05(f)(1)), domestic battery (*id.*

§ 12-3.2(a)(1)), aggravated domestic battery (*id.* § 12-3.3(a)) and unlawful use of a weapon by a felon (*id.* § 24-1.1(a)). Defendant pled guilty to aggravated domestic battery and unlawful use of a weapon by a felon in exchange for consecutive sentences of 10 years' imprisonment on each count and the State's agreement to dismiss the remaining charges. The trial court accepted defendant's plea and sentenced him in accordance with the plea agreement.

¶ 5 Defendant, through counsel, filed a motion to withdraw his guilty plea and an amended motion to withdraw his plea. The amended motion alleged that justice would be better served by allowing the case to go to trial, defendant had a meritorious claim he acted in self-defense, and his plea was not knowing and voluntary because the trial court failed to admonish him concerning the collateral consequences of his plea.

¶ 6 At the outset of the hearing on the amended motion to withdraw defendant's guilty plea, defense counsel stated: "At [defendant's] request, he's asking me to advise the court that he was coerced into signing the plea of guilty, he did not understand what he was doing at the time and he wishes the court to grant the Amended Motion to Withdraw His Plea of Guilty." The trial court proceeded with the hearing on the motion. Defense counsel stood on the written motion, and the State presented evidence. The court denied the amended motion to withdraw the plea. This appeal followed.

¶ 7 II. ANALYSIS

¶ 8 On appeal, defendant argues the trial court erred in failing to conduct a preliminary *Krankel* inquiry after his counsel orally raised an implicit claim of ineffective assistance of counsel at the hearing on the amended motion to withdraw defendant's guilty plea. Specifically, defendant contends counsel raised an implicit claim of ineffective assistance when she stated defendant wanted to inform the court that he was coerced into pleading guilty and did

not understand what he was doing at the time. Defendant contends defense counsel would have necessarily been the person who coerced him into pleading guilty and failed to adequately explain the circumstances and consequences of entering the guilty plea.

¶ 9            Under the common law procedure developed pursuant to *Krankel* and its progeny, new counsel is not automatically appointed in every case when a defendant makes a *pro se* posttrial or postplea claim of ineffective assistance of counsel. *People v. Roddis*, 2020 IL 124352, ¶ 35; *People v. Ayres*, 2017 IL 120071, ¶ 11. Rather, the trial court first examines the factual basis of the claim. *Roddis*, 2020 IL 124352, ¶ 35. If the court determines the claim lacks merit or pertains only to matters of trial strategy, the court need not appoint new counsel and may deny the *pro se* motion. *Id.* However, if the *pro se* allegations show possible neglect of the case, new counsel should be appointed to represent the defendant regarding his claims of ineffective assistance. *Id.* ¶¶ 35-36.

¶ 10            The common-law *Krankel* procedure is triggered when a defendant raises a *pro se* posttrial or postplea claim of ineffective assistance of counsel. *Ayres*, 2017 IL 120071, ¶ 11. "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Id.* ¶ 18. "[A]n express claim of ineffective assistance of counsel is all that is necessary to trigger a *Krankel* inquiry." *Id.* ¶ 21. However, "[c]ourts of review are, and reasonably should be, reluctant to require trial courts to somehow glean an ineffective-assistance-of-counsel claim from every obscure complaint or comment made by a defendant." *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 30.

¶ 11            Here, the trial court did not err in failing to conduct a preliminary *Krankel* inquiry because defendant did not raise a "clear" or "express" *pro se* postplea claim of ineffective

assistance of counsel. Defense counsel advised the court at the hearing on the amended motion to withdraw defendant's guilty plea that defendant wanted the court to know he was coerced into pleading guilty and did not understand what he was doing at the time of the plea. However, neither counsel nor defendant indicated defendant was claiming that defense counsel was responsible for this alleged coercion or lack of understanding. See *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 68 ("Typically, a defendant must at least mention his attorney in connection with his complaints for them to be considered ineffective assistance of counsel claims.").

¶ 12        We reject defendant's argument that defense counsel would have necessarily been the person who coerced him into pleading guilty and was responsible for his alleged lack of understanding. The record does not show who defendant believed coerced him into pleading guilty or why he allegedly did not understand what he was doing when he pled guilty, and there are multiple conceivable explanations for these allegations that do not involve claims of ineffective assistance of counsel. For example, defendant may have believed the State or a third party coerced him into accepting the plea agreement. Similarly, defendant's alleged confusion could have resulted from a discussion he had with someone other than counsel or came about as a result of his own research and, in any event, is not necessarily relevant to a claim of ineffectiveness absent an allegation that counsel knew or should have known of the confusion.

¶ 13        While a defendant need only bring a *pro se* postplea claim of ineffective assistance of counsel to the trial court's attention to trigger a preliminary *Krankel* inquiry, it must be clear that defendant is in fact asserting a claim of ineffective assistance of counsel. The allegations at issue in this case fell short of raising an express postplea claim of ineffective assistance of counsel, and accordingly, the court was not required to conduct a preliminary *Krankel* inquiry.

¶ 14                              III. CONCLUSION

¶ 15          For the reasons stated, we affirm the trial court's judgment.

¶ 16          Affirmed.