NOTICE
Decision filed 03/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200166-U

NOS. 5-20-0166, 5-20-0167 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | Nos. 18-CF-405, 19-CF-379 |
| | ) | |
| MELISSA MONCADA-ORTIZ, | ) | Honorable |
| | ) | Allan F. Lolie, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The complaint about defense counsel's representation contained in the defendant's postplea letter to the circuit court was sufficient to trigger a preliminary *Krankel* inquiry.

¶ 2    The defendant, Melissa Moncada-Ortiz, pled guilty to two counts of driving while driver's license revoked (DWLR) and was sentenced to the Illinois Department of Corrections (IDOC) for an aggregate term of 42 months, followed by one year of mandatory supervised release (MSR). The defendant appeals arguing that the circuit court erred when it failed to conduct a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), after receiving a postplea letter from the defendant alleging that defense counsel was ineffective. For the reasons that follow, we remand this case so that the circuit court may conduct the appropriate inquiry.

1

¶ 3                                         BACKGROUND

¶ 4     The defendant was charged in criminal case No. 18-CF-405 with one count of DWLR in violation of section 6-303(a) of the Illinois Vehicle Code (625 ILCS 5/6-303(a) (West 2018)), and in criminal case No. 19-CF-379 with another count of DWLR. The offenses in both cases were charged as Class 4 felonies. See 625 ILCS 5/6-303(d-2) (West 2018). The same defense counsel was appointed to represent the defendant in each of these cases.

¶ 5     During the pendency of these cases, both the defendant and defense counsel indicated that there were issues with communication. At a hearing on November 15, 2018, the defendant alleged that defense counsel had not been in contact with the defendant, and that the defendant was unable to reach counsel at his office. The defendant requested a new attorney, but the circuit court did not acknowledge the defendant's request. At another hearing on February 27, 2019, the defendant alleged that defense counsel did not answer the phone when the defendant called. The circuit court did not respond to this allegation. Finally, at a hearing on June 20, 2019, defense counsel told the circuit court that the defendant had missed numerous appointments with counsel. The circuit court asked the defendant if she still wanted defense counsel to represent the defendant. She responded, "Yeah. I can't remember because (inaudible) ain't going to get no better." The circuit court told the defendant that if she wanted defense counsel to assist her, she needed to meet with counsel.

¶ 6     On January 23, 2020, the defendant pled guilty to the two counts of DWLR in case Nos. 18-CF-405 and 19-CF-379. In exchange for the defendant's plea, the State agreed to dismiss other pending cases against the defendant. Before entering her plea of guilty, the defendant indicated that she had discussed her decision with defense counsel and did not need additional time to speak with counsel. The defendant further indicated that she was satisfied with defense counsel's services.

2

¶ 7    On April 7, 2020, the circuit court held a sentencing hearing. In case No. 18-CF-405, the defendant was sentenced to two years in the IDOC, followed by one year of MSR. This sentence was to be served consecutive to case No. 19-CF-379, where the defendant was sentenced to 18 months in IDOC, followed by one year of MSR.

¶ 8    On April 14, 2020, a letter from the defendant to the circuit court, dated March 14, 2020, was filed in case No. 19-CF-379. In her letter, the defendant indicated that she was not receiving proper medical treatment while in jail and was concerned about losing her social security and insurance. The defendant also indicated that her dog was in the pound. The defendant alleged that she was going to report defense counsel to the "Attorny [*sic*] registration," saying, "I've had enough of him he don't care and won't help the people assigned to him." The defendant further alleged that she had to pay defense counsel from her bond, and that defense counsel "don't even deserve that." The defendant concluded the letter by stating, "I hope these problems can be rectified."

¶ 9    On April 15, 2020, the circuit court entered a docket entry that provided: "Per Judge's Note, No action taken. Deft. needs to contact PD. He remains her attorney until 5-14-20. Notice of Entry to Deft."

¶ 10    On May 5, 2020, defense counsel filed a motion to reconsider the defendant's sentence and correct the mittimus. In defendant's motion, she argued that her sentence was excessive and that she was entitled to additional credit for time spent in custody prior to sentencing. Following a hearing on the defendant's motion, the circuit court denied the motion to reconsider sentence but entered a new judgment correcting the amount of credit the defendant received for time served. No mention of the defendant's letter to the circuit court was made at this hearing. This appeal followed.

¶ 11                                                    ANALYSIS

¶ 12    The sole question on appeal is whether the complaint regarding defense counsel's representation contained in the defendant's postplea letter to the circuit court was sufficient to trigger a preliminary *Krankel* inquiry. The common-law procedure that has developed from our supreme court's decision in *Krankel* is triggered when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel. *People v. Ayres*, 2017 IL 120071, ¶ 11. To trigger a preliminary *Krankel* inquiry, a defendant is only required bring his or her claim to the circuit court's attention. *Ayres*, 2017 IL 120071, ¶ 11. A defendant is not required to file a written motion but may raise the issue orally or through a letter or note to the circuit court. *Ayres*, 2017 120071, ¶ 11.

¶ 13    The *Krankel* procedure allows the circuit court to decide whether it is necessary to appoint independent counsel to argue a defendant's *pro se* claims of ineffective assistance of counsel. *Ayres*, 2017 IL 120071, ¶ 11. This procedure is intended to promote consideration of a defendant's *pro se* claims of ineffective assistance, to create a record for appeal, and to potentially limit the issues on appeal. *Ayres*, 2017 IL 120071, ¶ 21. As our supreme court has observed, "the inquiry is not burdensome upon the circuit court, and the facts and circumstances surrounding the claim will be much clearer in the minds of all involved when the inquiry is made just subsequent to trial or plea, as opposed to years later on appeal." *Ayres*, 2017 IL 120071, ¶ 21.

¶ 14    In *Ayres*, our supreme court held that a defendant's bare allegation of "ineffective assistance of counsel," without any factual support, was sufficient to trigger a preliminary inquiry. *Ayres*, 2017 IL 120071, ¶¶ 24-25. "No factual specificity is required; indeed, the point of the preliminary *Krankel* inquiry is to *develop* that factual specificity to determine whether the claim is sufficient to show possible neglect of the case, thus warranting the appointment of new counsel to

4

independently present the ineffectiveness claim." (Emphasis in original.) *People v. Downing*, 2019 IL App (1st) 170329, ¶ 55 (citing *Ayres*, 2017 IL 120071, ¶ 19).

¶ 15 More recently, our supreme court found that the following statement regarding counsel's performance made by a juvenile defendant in a sex offender evaluation was sufficient to trigger a preliminary inquiry: " 'We don't talk. I'm never prepared for the stand. He does not answer calls.' " *In re Johnathan T.*, 2022 IL 127222, ¶¶ 18, 54. The supreme court held that a preliminary inquiry was warranted because the juvenile defendant "clearly stated that his attorney was not doing something that he should have been doing." *In re Johnathan T.*, 2022 IL 127222, ¶ 54.

¶ 16 Here, the defendant contends that the complaint about defense counsel contained in her postplea letter to the circuit court was sufficient to trigger a preliminary inquiry. The State contends that no preliminary inquiry was required because the defendant's letter did not clearly allege a claim of ineffective assistance of counsel and was subject to more than one interpretation. See *People v. Taylor*, 237 Ill. 2d 68, 76-77 (2010); *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 26. The State argues that the defendant's letter, in full context, could be construed as a complaint that defense counsel did not assist the defendant with matters unrelated to the defendant's plea, and which did not implicate the sixth amendment. We are not persuaded by the State's position.

¶ 17 In *Taylor*, the defendant made a statement in allocution at sentencing and stated, in pertinent part:

> " 'Excuse me, I'm sorry, your Honor, but I had no idea. I had no idea what I
> was facing. I know it was my responsibility, but I had no idea what I was facing for
> this type of situation.

Considering what my family is going through right now, I wouldn't [have taken] that chance. The offer that was made to me, I would [have] jumped into it with both feet if I knew that I was facing this type of situation.

I've been trying hard. I've tried hard since the last time I got out of jail. I kept the same job and stayed in the same place since I've been home, since I've been home since '95 because that almost destroyed me. I lost my first family and my kids then. And I don't want to lose my family again. I'm 41 years old. I'm fixin[g] to be 42. I can't go through this again, your Honor. I had no idea that if—I had no idea that, Mr. Taylor, if you don't take the three years[ ] and you get found guilty, you're going to [get] six to 30, not that you could *** get six to 30. That you probably—that you would get six to 30.

[There's] no way on God's earth[ ] I would [have taken] that chance knowing the situation, knowing me, and the situation with my family.' " *Taylor*, 237 Ill. 2d at 73.

The supreme court noted that in his statement, the defendant did not specifically complain about his attorney's performance, or expressly make an ineffective assistance of counsel claim. *Taylor*, 237 Ill. 2d at 76. The supreme court further noted that because of the "rambling nature" of the defendant's statement, it was amenable to more than one interpretation, such as regret for not accepting a more advantageous plea deal before trial, and not that the defendant rejected the offer based upon a material misunderstanding of what sentence he faced. *Taylor*, 237 Ill. 2d at 77.

¶ 18    In *Thomas*, the defendant wrote a postsentencing letter to the circuit court, which stated in part:

6

" 'I would also like a motion filed for a reduction of sentence. I was sentenced 3/5/15 to 26 years at 50%. I would like this motion filed due to the fact that during my time in the county I was offered three plea deals at 85% not knowing that I had the option of 50%. If told I had the option of 50% or even told that I could not get a 85% offer due to the nature of my offense, at my plea offer of 21 yrs at 85% if known I could get 50% I might have taken the plea instead of going to trial.' "

*Thomas*, 2017 IL App (4th) 150815, ¶ 25.

The appellate court noted that the defendant did not mention his attorney or make any assertion of ineffective assistance in his letter to the circuit court. *Thomas*, 2017 IL App (4th) 150815, ¶¶ 27-28. The court found that the defendant's letter was subject to many interpretations including the defendant's "hoping to somehow get another chance at a lesser sentence" or "defendant's *ex post facto* regret at not taking the State's alleged offer." *Thomas*, 2017 IL App (4th) 150815, ¶¶ 27-28. The primary concern of the appellate court was the defendant's failure to mention his attorney, "which might have directed the court's attention to some perceived deficiency in trial counsel's representation." *Thomas*, 2017 IL App (4th) 150815, ¶ 31.

¶ 19 Unlike the defendants in *Taylor* and *Thomas*, the defendant here specifically complained about defense counsel's representation in her letter. Although the defendant did not allege specific facts regarding defense counsel's performance or use the words "ineffective assistance of counsel," the defendant did assert that she had issues with counsel's representation. Specifically, the defendant alleged that she planned to report defense counsel to the "Attorny [*sic*] registration" and that counsel would not "help" the people assigned to him, which included the defendant. Thus, the defendant's letter contained some indication that defense counsel was performing deficiently, which was sufficient to trigger a preliminary inquiry. The mere fact that the defendant included

7

concerns about medical care, social security, insurance, and her dog in the same letter does not make the defendant's complaint about defense counsel subject to more than one interpretation.

¶ 20    Therefore, we find that the defendant raised an issue with the assistance she received from defense counsel and brought this issue to the attention of the circuit court. The record shows that the circuit court received and reviewed the defendant's letter but did nothing to inquire with the defendant about her issues regarding counsel's representation. Instead, the circuit court directed the defendant to contact her defense counsel. Consequently, we find that the circuit court erred in not conducting a preliminary inquiry.

¶ 21    For the foregoing reasons, we remand this case to the circuit court with directions to conduct a preliminary *Krankel* inquiry.

¶ 22    Reversed and remanded.