NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210004-U

NO. 4-21-0004

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 1, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| CHRISTOPHER D. TORRY, | ) | No. 20CF82 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court remanded, concluding defendant stated a sufficient claim of
ineffective of assistance of counsel to trigger the trial court's duty to conduct a
preliminary hearing under *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045
(1984).

¶ 2     In January 2020, the State charged defendant, Christopher D. Torry, with

(1) attempted first degree murder (720 ILCS 5/8-4(a) (West 2018)), (2) aggravated battery (720

ILCS 5/12-3.05(f)(i) (West 2018)), and (3) domestic battery (720 ILCS 5/12-3.2(a)(1) (West

2018)).  In October 2020, a jury found defendant guilty of all three counts.  In December 2020,

the trial court entered an amended judgment sentencing defendant to 15 years' imprisonment on

the attempted first degree murder charge.

¶ 3     Defendant appeals, arguing (1) the trial court failed to properly review

defendant's claim of ineffective assistance of counsel, (2) the court erred by finding the offense

was not accompanied by sudden and intense passion resulting from serious provocation, and (3) the case should be remanded for a new sentencing hearing. For the following reasons, we remand to the trial court for further proceedings pursuant to *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984). As a result, we decline to address defendant's other claims.

¶ 4                                          I. BACKGROUND

¶ 5            Because we conclude this case must be remanded for the trial court to conduct an inquiry into defendant's *pro se* posttrial claim of ineffective assistance of counsel, we summarize only the facts necessary for the resolution of this issue.

¶ 6            In January 2020, the State charged defendant with (1) attempted first degree murder, (2) aggravated battery, and (3) domestic battery. In October 2020, a jury found defendant guilty of all three counts.

¶ 7            Prior to trial, defendant sent letters to the trial court complaining about his public defender. Two of defendant's *pro se* filings were motions for "ineffective counseling." Before defendant's jury trial began, the court addressed defendant's *pro se* motions regarding ineffective assistance of counsel. The court noted that some of defendant's claims of ineffective assistance of counsel could not be addressed unless and until the trial actually took place.

¶ 8            In November 2020, defendant sent the trial court a *pro se* document that stated, in pertinent part, as follows:

> "I also think the re[a]son I lost at tr[ia]l is because, the
> public defender that's on my case. She didn't do her best at my
> tr[ia]l! She also was not trying to help me at all since I been here
> and it been going on 10 months now. She was only trying to get a
> conviction on me and trying to get [me] to take the 25 year offer! I

- 2 -

told 'Ms. Causer' I will like to go to tr[ia]l because, I'm not taking the 25 year offer you're trying to get me to take. So 'Ms. Causer' prepar[e]d for tr[ia]l and she finally brought me the vid[e]o I been asking about for month's of me with the police also the [investigator]. Now 'Ms. Causer' trying her best to ac[t] like she's working with me with her best ability for I can work with her. She [was] making it seem like she [was] helping me but she [was] only doing that to help the State. She [was] not helping at all. 'Ms. Causer' sent me a letter stating if I go to tr[ia]l it won[']t end in my favor because, she was helping the State to co[n]vict me[.] She know what the outcome [was] going to be because, she's helping them. We were sitting and waiting on the jur[y]'s answer 'Ms. Causer' told me 'whatever I hear ac[t] like I don't hear it.' I didn't understand that part about her but she's my public defender trying to get the charges lower[e]d down she's working against me! I found out right [there] she's playing with my life. 'Ms. Causer' didn't put up a fight with the State to help me at all. 'Ms. Causer' told me the State will [chew] me up if I will go to tr[ia]l and yes Ms. Cause[r] let the State [chew] me up because, she [chose] not to help me. *** 'Ms. Causer' didn't put up a fight to help me at all[.] Ms. Causer [was] suppose[d] to argu[e] with the State attorney to prove my intentions [was] only to hurt the guy and get

- 3 -

the guy out my home not to kill him[.] 'Ms. Causer' didn't do [none] of that at all.

I been complaining for month's about 'Ms. Causer' writing letter's to the judge asking can I have a new public defender because, 'Ms. Causer' not helping me at all so I started to send motions out on her for ineffective counseling I'm getting from her. I also contacted the attorney registration and disciplinary commission of the supreme court of [I]llinois on her about what she's doing to me on my case. I [tried] everything I can do to get 'Ms. Causer' off my case because she wasn't defending me to her best ability[.] She [was] only trying to get me to take the 25 year offer."

The trial court sent a letter to the assistant state's attorney and defense counsel with a copy of defendant's *pro se* filing. The court stated defendant's filing could be used as his statement in allocution and concluded, "At this time this correspondence is ordered filed for records purposes only and will not be considered."

¶ 9        This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, defendant argues (1) the trial court failed to properly review defendant's claim of ineffective assistance of counsel, (2) the court erred by finding the offense was not accompanied by sudden and intense passion resulting from serious provocation, and (3) the case should be remanded for a new sentencing hearing.

¶ 12    "The issue of whether the circuit court properly conducted a preliminary *Krankel* inquiry presents a legal question that we review *de novo*." *People v. Jolly*, 2014 IL 117142, ¶ 28, 25 N.E.2d 1127.  To trigger a preliminary *Krankel* inquiry, a defendant need only bring his or her claim to the trial court's attention.  *People v. Ayres*, 2017 IL 120071, ¶ 11, 88 N.E.3d 732.  A defendant is not required to file a written motion but may raise the issue orally or through a letter or note to the trial court.  *Id.*

¶ 13    Under *Krankel* and its progeny, when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, new counsel is not automatically appointed.  *Jolly*, 2014 IL 117142, ¶ 29.  Rather, the trial court should first examine the factual basis of the defendant's claims.  *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003).  "If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion.  However, if the allegations show possible neglect of the case, new counsel should be appointed."  *Id.* at 78.  Newly appointed counsel would represent the defendant at the hearing on the *pro se* claim of ineffective assistance of trial counsel.  *Id.*  "The [(newly)] appointed counsel can independently evaluate the defendant's claim and would avoid the conflict of interest that trial counsel would experience if trial counsel had to justify his or her actions contrary to defendant's position."  *Id.*

¶ 14    The supreme court has consistently recognized "the goal of any *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of trial counsel and thereby potentially limit issues on appeal."  *Jolly*, 2014 IL 117142, ¶ 29.  The concern for reviewing courts is whether the trial court's inquiry into the defendant's *pro se* allegations of ineffective assistance of trial counsel was adequate.  *Moore*, 207 Ill. 2d at 78.  During the preliminary inquiry, "some interchange between the trial court and

trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary." *Id.* A trial court's brief discussion with the defendant may be sufficient. *Id.*

¶ 15     We have already recited a portion of the letter sent to the trial court. Defendant asserts the letter set forth a clear claim of ineffective assistance that required the trial court to hold a preliminary *Krankel* inquiry. In support of his argument, defendant relies on *People v. Finley*, 222 Ill. App. 3d 571, 584 N.E.2d 276 (1991), *People v. Taylor*, 237 Ill. 2d 68, 927 N.E.2d 1172 (2010), and *Ayres*, 2017 IL 120071. In *Finley*, the defendant wrote three letters to the trial court following his conviction. *Finley*, 222 Ill. App. 3d at 576. In the letters, the defendant identified persons who could testify he was elsewhere at the time of the offense and a medical doctor who would testify defendant could not use his right hand. *Id.* The defendant "also charged that his public defender did not attempt to contact these potential witnesses and that she 'did not represent [the defendant] to the best of her ability.' " *Id.* The appellate court concluded the defendant set forth a sufficient claim of ineffective assistance of counsel that required remand for a proper posttrial hearing. *Id.* at 584.

¶ 16     In *Taylor*, the supreme court favorably cited *Finley*. *Taylor*, 237 Ill. 2d at 76. In so doing, the supreme court noted that *Finley* did not involve "a conventional, written *pro se* posttrial motion alleging ineffective assistance." *Id.* Rather, the defendant in *Finley* sent letters to the trial court providing names of potential witnesses and stated defense counsel did not attempt to contact the witnesses and did not represent the defendant to the best of her ability. *Id.* The supreme court distinguished *Finley* on the basis that, although the claim was not a conventional *pro se* posttrial motion, it "nonetheless expressly complained about counsel's performance." *Id.* In *Taylor*, the defendant made a statement in allocution and, in part, he

stated, " 'I had no idea that if—I had no idea that, Mr. Taylor, if you don't take the three years and you get found guilty, you're going to [get] six to 30, not that you could *** get six to 30. That you probably—that you would get six to 30." *Id.* at 73-74. In concluding this statement was insufficient to require a *Krankel* inquiry, the supreme court stated, "As the State correctly notes, there is nothing in defendant's statement specifically informing the court that defendant is complaining about his attorney's performance. Indeed, defendant does not mention his attorney. In addition, because of the rambling nature of defendant's statement, it is amenable to more than one interpretation." *Id.* at 77.

¶ 17    In *Ayres*, the supreme court held "an express claim of ineffective assistance of counsel is all that is necessary to trigger a *Krankel* inquiry." *Ayres*, 2017 IL 120071, ¶ 21. The supreme court rejected the State's argument that a defendant must clearly indicate his or her intent to assert an ineffective assistance claim and also provide supporting facts or an explanation for the claim. *Id.* ¶ 17. Instead, the supreme court found that "when a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a *Krankel* inquiry." *Id.* ¶ 18. The court stated "that a claim need not be supported by facts or specific examples. If that were the case, this court would not require the circuit court to conduct an inquiry into the underlying factual basis for the claim." *Id.* ¶ 19. Accordingly, the supreme court concluded that the defendant's *pro se* petition to withdraw guilty plea and vacate sentence that alleged "ineffective assistance of counsel" without explanation or supporting facts triggered the trial court's duty to conduct a *Krankel* inquiry. *Id.* ¶ 24.

¶ 18    Recently, our supreme court found the following statement regarding counsel's performance made by a juvenile defendant in a sex offender evaluation was sufficient to trigger a

preliminary *Krankel* inquiry: " 'We don't talk. I'm never prepared for the stand. He does not answer calls.' " *In re Johnathan T.*, 2022 IL 127222, ¶¶ 18, 54. The supreme court concluded the juvenile defendant "clearly stated that his attorney was not doing something that he should have been doing. A juvenile in a juvenile delinquency proceeding need do nothing more than bring his *pro se* claim to the attention of the court." *Id.* ¶ 54.

¶ 19        The State argues the claims in defendant's *pro se* posttrial filing do not amount to a "clear" or "express" claim of ineffective assistance. The State asserts that, at best, defendant's claims are merely implicit, obscure complaints from which the trial court need not glean a claim of ineffective assistance of counsel. In support of its argument, the State cites *People v. Thomas*, 2017 IL App (4th) 150815, 93 N.E.3d 664. In *Thomas*, the defendant wrote a letter to the trial court after he was sentenced that stated, in relevant part, as follows:

> " 'I would also like a motion filed for a reduction of sentence. I
> was sentenced 3/5/15 to 26 years at 50%. I would like this motion
> filed due to the fact that during my time in the county I was offered
> three plea deals at 85% not knowing that I had the option of 50%.
> If told I had the option of 50% or even told that I could not get a
> 85% offer due to the nature of my offense, at my plea offer of 21
> y[ea]rs at 85% if known I could get 50% I might have taken the
> plea instead of going to trial.' " *Id.* ¶ 25.

On appeal, the defendant argued he made an implicit claim of ineffective assistance of counsel. *Id.* This court rejected the defendant's argument, finding the defendant's letter made no mention of his attorney or any assertion of ineffective assistance. *Id.* ¶ 28. Moreover, "the letter was subject to many interpretations, including [the] defendant's *ex post facto* regret at not taking the

State's alleged offer." *Id.* This court further noted the defendant failed to reference his attorney in any way, which might have directed the trial court's attention to some perceived deficiency in his attorney's representation. *Id.* ¶ 31. This court concluded the defendant's letter fell short of a clear claim of ineffective assistance of counsel. *Id.*

¶ 20 We find *Thomas* distinguishable. Unlike the defendant in *Thomas*, defendant's letter in this case repeatedly mentioned his attorney and specifically complained about defense counsel's representation. Although defendant's letter did not allege specific facts regarding defense counsel's performance or use the words "ineffective assistance of counsel," defendant asserted he had issues with counsel's representation. Specifically, the letter stated, "She didn't do her best at my tr[ia]l!"; " 'Ms. Causer' didn't put up a fight with the State to help me at all."; and " 'Ms. Causer' not helping me at all so I started to send motions out on her for ineffective counseling I'm getting from her. I also contacted the attorney registration and disciplinary commission of the supreme court of [I]llinois on her about what she's doing to me on my case."

¶ 21 The State also asserts that defendant's letter might have been sufficient to trigger a preliminary *Krankel* inquiry if he had coupled the statement that "[s]he didn't do her best at my trial," with an example of how she did not do her best. This argument runs afoul of *Ayres*, where the supreme court stated that a clear claim of ineffective assistance "need not be supported by facts or specific examples. If that were the case, this court would not require the circuit court to conduct an inquiry into the underlying factual basis for the claim." *Id.* ¶ 19.

¶ 22 As discussed above, the defendants in both *Thomas* and *Taylor* failed to mention their attorneys at all when arguing the trial court failed to conduct a preliminary *Krankel* inquiry. Here, defendant brought a clear claim regarding defense counsel's representation to the court's attention. Despite this, the court made no inquiry into defendant's claims. Instead, the court sent

a copy of defendant's letter to the parties, stated defendant's filing could be used as his statement in allocution, and concluded, "At this time this correspondence is ordered filed for records purposes only and will not be considered." Based on the foregoing, we find the trial court erred by failing to conduct any inquiry into the factual basis of defendant's allegations. Thus, we remand this cause for the limited purpose of conducting a preliminary *Krankel* inquiry.

¶ 23                                    III. CONCLUSION

¶ 24          For the reasons stated, we remand the cause with directions to conduct a preliminary *Krankel* inquiry on defendant's claim of ineffective assistance of counsel.

¶ 25          Cause remanded with directions.