NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 240603-U

NO. 4-24-0603

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 14, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McDonough County |
| TORRANCE A. NEAL, | ) | No. 21CF94 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi A. Benson, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding there was no error in the trial court not conducting a *Krankel* inquiry.

¶ 2    In August 2023, defendant, Torrance A. Neal, pleaded guilty to domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)), and the trial court sentenced him to 18 months' imprisonment. After the court denied defendant's motion for reconsideration of his sentence and advised him of his right to appeal, defendant asked whether he was "stuck" with defense counsel. Defendant then conferred with defense counsel off the record. After returning to the record, defendant did not ask any further questions or make any clarifying statements, and the court concluded the hearing without addressing defendant's question.

¶ 3    Defendant appeals, arguing the trial court erred by not conducting an inquiry

pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984). We affirm.

¶ 4                                    I. BACKGROUND

¶ 5           On May 10, 2021, the State charged defendant by information with domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)) and resisting a peace officer (720 ILCS 5/31-1(a) (West 2020)). The information alleged defendant "pushed and struck April Huston several times in the head and body, causing several knots to her head and cuts to her hands" and he was previously convicted for violating an order of protection in McDonough County case No. 18-CM-204, which enhanced the domestic battery charge to a Class 4 felony.

¶ 6           On August 23, 2023, defendant pleaded guilty to the enhanced domestic battery charge, and the State dismissed the resisting a peace officer charge. The parties made no agreement as to the sentence to be imposed. According to the plea's factual basis, officers were dispatched to defendant's residence around 11:30 p.m. on May 9, 2021. When defendant answered the door, officers observed dried blood on his shirt. The officers asked where his wife, Huston, was because they "had incidents with the two before." Huston told the officers she and defendant had an argument at a Mother's Day cookout earlier that day, which escalated into a fight when they returned home. During the fight, defendant struck Huston several times, causing her to suffer knots and welts on her head and body. Huston grabbed a pocket knife to protect herself, and both she and defendant suffered cuts. The evidence would show defendant was the primary aggressor. After officers advised defendant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), he admitted to striking Huston. The evidence would show defendant was previously convicted for violating an order of protection in McDonough County case No. 18-CM-204. The trial court provided the requisite admonishments and accepted defendant's plea. During a sentencing hearing on November 3, 2023, the court sentenced defendant to 18 months'

- 2 -

imprisonment.

¶ 7        On November 8, 2023, defense counsel filed a motion to withdraw guilty plea on defendant's behalf. On April 2, 2024, counsel filed a motion to reconsider sentence and an Illinois Supreme Court Rule 604(d) (eff. Dec. 7, 2023) certificate. The motion to reconsider the sentence argued, *inter alia*, the trial court erred in finding defendant's conduct caused serious harm and no mitigating factors applied.

¶ 8        On April 3, 2024, the trial court conducted a hearing, during which defendant withdrew his motion to withdraw his guilty plea and proceeded on his motion to reconsider his sentence. Counsel rested on the written motion and provided no additional argument. After hearing the State's argument and offering counsel the opportunity to respond, the court denied the motion. The court informed defendant of his right to appeal and the timeline to file a notice of appeal, and it asserted, "Free transcripts of today's hearing plus the other hearings will be provided to you. [Defense counsel] can help you. Do you have any questions?" Defendant replied, "I got a million questions. But, I guess, at this point, am I stuck? I'm stuck with [counsel]." Before the court could respond, defendant conferred with counsel off the record. After they finished conferring, defendant asked no further questions and made no additional statements. The court adjourned the hearing without addressing defendant's question.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        Defendant argues the trial court erred by not conducting a *Krankel* inquiry after he asked whether he was "stuck" with defense counsel. We disagree.

¶ 12        "[W]hen a defendant brings a clear claim asserting ineffective assistance of counsel, either orally or in writing, this is sufficient to trigger the trial court's duty to conduct a

*Krankel* inquiry." *People v. Ayres*, 2017 IL 120071, ¶ 18. When a defendant raises such a claim, a reviewing court's operative concern is "whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel." *People v. Moore*, 207 Ill. 2d 68, 78 (2003). "The pleading requirements for raising a *pro se* claim of ineffectiveness of counsel are somewhat relaxed, but defendant must still satisfy minimum requirements to trigger a *Krankel* inquiry by the trial court." *People v. Washington*, 2015 IL App (1st) 131023, ¶ 11. "[C]ourts of review are *** reluctant to require trial courts to somehow glean an ineffective-assistance-of-counsel claim from every obscure complaint or comment made by a defendant." *People v. Thomas*, 2017 IL App (4th) 150815, ¶ 30. "In instances where the defendant's claim is implicit and could be subject to different interpretations, a *Krankel* inquiry is not required." *Thomas*, 2017 IL App (4th) 150815, ¶ 26. We review *de novo* whether a defendant's statements are sufficient to warrant a *Krankel* inquiry. *People v. Patton*, 2022 IL App (4th) 210561, ¶ 103.

¶ 13        Defendant's question asking whether he was "stuck" with defense counsel failed to demonstrate a clear basis for any allegation of ineffective assistance of counsel, and therefore the trial court had no duty to inquire into defense counsel's effectiveness. *People v. Taylor*, 237 Ill. 2d 68, 77 (2010). Defendant insists he "clearly indicated a dissatisfaction with his attorney's representation," but his question was, at most, an implicit ineffective-assistance-of-counsel claim subject to other interpretations, which does not trigger a court's obligation to conduct a *Krankel* inquiry. See *Thomas*, 2017 IL App (4th) 150815, ¶ 26. Defendant's question could easily be interpreted as expressing dissatisfaction with the sentence he received, or an inquiry into the availability of other counsel to represent him on appeal for reasons other than counsel's supposed ineffectiveness. Indeed, defendant failed to object to any aspect of counsel's representation or the

proceedings up to that point. Defendant did not object to counsel's representation during the plea hearing or the sentencing hearing. He did not object when the court admonished him of his appellate rights or when his request for a stay of the mittimus was denied and bond was revoked. He did not object during the hearing on his motion to reconsider. The singular comment upon which defendant's argument on appeal relies came after he was again admonished of his appellate rights and asked, "Do you have any questions?" Once defendant conferred with counsel, he did not offer any additional questions or statements seeking to clarify or elaborate on his initial question.

¶ 14        Defendant's question must be considered in the context in which it was asked. Defendant, no stranger to the court process, was told at sentencing if he sought to appeal and could not afford an attorney, one would be appointed for him. The trial court had just said, "Free transcripts of today's hearing plus the other hearings will be provided to you. [Defense counsel] can help you. Do you have any questions?" It is reasonable to find defendant's question related to whether he was obligated to continue with defense counsel as appellate counsel—something that was not clear to him in light of the court's previous assurance he would be appointed counsel on appeal. More importantly, after conferring with counsel off the record, defendant raised no specific claim or objection to counsel's performance when he had the opportunity to do so. At best, defendant's question was an inquiry into whether defense counsel would continue as appellate counsel. We are not obligated to assume a defendant's statement was an ineffective-assistance-of-counsel claim, implicit or otherwise. See *Thomas*, 2017 IL App (4th) 150815, ¶ 30. Based on the context provided by the record, there is a reasonable alternative interpretation for defendant's question. Therefore, no error occurred when the court did not conduct a preliminary *Krankel* inquiry.

¶ 15                                III. CONCLUSION

¶ 16        For the foregoing reasons, we affirm the trial court's judgment.

¶ 17        Affirmed.